In the Matter of the MARRIAGE OF Kenneth RUTHERFORD and Nancy Lee Rutherford.

No. 8956.

Court of Civil Appeals of Texas, Amarillo.

Oct. 30, 1978.

Rehearing Denied Nov. 27, 1978.

Bill A. Davis, Lubbock, for appellants.

Brock, Waters & Pigg, Ralph Brock, Brown & Harding, Ray Fargason and Ralph H. Brock, Larry E. Glazner, Lubbock, for appellees.

DODSON, Justice.

M. S. Craig and Harold P. Brown, Jr., appeal from an order temporarily enjoining them from conducting a trustee's sale under terms of a deed of trust securing a promissory note owned by Craig and covering certain real community property owned by appellees Kenneth and Nancy Rutherford. We determine that the trial court did not abuse its discretion by issuing the temporary injunction. The order of the trial court is affirmed.

In 1970 Kenneth Rutherford and Dave Anderson, partners, purchased the property which is the subject of this suit from Mrs. Ethel Stokes for $35,000. The partners made a $5,000 down payment and executed a promissory note secured by a deed of trust on the property for the balance. Kenneth Rutherford subsequently purchased his partner's interest for $6,000.

In 1975 Kenneth sued for divorce[1] and Nancy Rutherford was appointed receiver of the property. Thereafter, Nancy regularly made late payments on the note which were accepted by Mrs. Stokes.

On January 16, 1978, Mrs. Stokes sought to foreclose on the property and notice of a trustee's sale was posted by Brown, the substitute trustee. Prior to foreclosure, Mrs. Stokes discounted the note to Craig, who purchased with notice of the default. When the first monthly installment to Craig was in default, Craig collected the rents from the property, deducted the monthly installment and placed the balance in an escrow account. Craig continued to collect these rents during the following two months and sought to foreclose, relying on

---

1. The trial court granted the divorce and awarded the property in question to Nancy. On appeal, this court reversed and remanded as to the division of the estate. *Rutherford v. Rutherford*, 554 S.W.2d 829 (Tex.Civ.App.—Amarillo 1977, no writ). The final division of the estate is pending.

the default in making timely payments and the notice of trustee's sale posted by Mrs. Stokes which set the sale date for March 7, 1978. On March 6, 1978, the Rutherfords obtained a temporary restraining order. Following a hearing on March 22, the temporary injunction was granted.

Our Supreme Court addressed the general principles governing the issuance of a temporary injunction in *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 556, 261 S.W.2d 549, 552 (1953). Justice Calvert, writing for the Court, stated:

> In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. . . . Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it* (citations omitted) (emphasis added).

These principles govern our consideration of appellants' points of error.

 Appellants maintain that the Rutherfords' petition failed to state a cause of action because no probable injury was alleged. The petition alleges, in part, that: (1) the Rutherfords own certain real property which is the subject of a trustee's sale set for March 7, 1978; (2) Craig is the current owner and holder of a promissory note which is secured by a deed of trust on the property; (3) Brown is the substitute trustee under the deed of trust; (4) Mrs. Ethel Stokes, the previous owner of the promissory note, instituted the foreclosure action

prior to the date that she sold the note to Craig; (5) the Rutherfords have made regular, although untimely, payments which have been accepted by Mrs. Stokes without complaint or other notice that such untimely payments were unsatisfactory for the last seven months; (6) the Rutherfords made a valid tender of past due payments which was refused without reason; and (7) immediate and irreparable harm will result to the Rutherfords if the injunction does not issue because they will "lose these Gray building complexes and all rents and revenues received therefrom and all of the money previously invested therein without having a fair opportunity to protect their investment." We conclude that the petition alleges a probable injury.

Appellants also contend the Rutherfords failed to present sufficient evidence to discharge their burden of proof. Nancy testified that she regularly made late payments to Mrs. Stokes which were accepted. Copies of Nancy's cancelled checks for note payments, one of which indicates that three payments were made in a single check, were admitted into evidence. Both Kenneth and Nancy testified to individual conversations with Mrs. Stokes in which she agreed to work with them to avoid foreclosure after the proceedings had been instituted. Mr. Craig testified that he purchased the note with knowledge of the defaults.

The holder of a note may waive the right to foreclose as to past defaults where late payments have been regularly accepted and notice has not been given that future defaults will provide the basis for foreclosure proceedings. *See Vaughan v. Crown Plumbing & Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). The purchaser of a note with knowledge of a default does not qualify as a holder in due course. Tex.Bus. & Com.Code Ann. § 3.302 (Vernon 1968). Thus, Craig as the holder of the note is subject to any defenses which the Rutherfords had against Mrs. Stokes on the note, including waiver. Tex.Bus. & Com.Code Ann. § 3.306 (Vernon 1968).

The record is also replete with testimony concerning the harm which would result to the Rutherfords if the injunction did not issue. Nancy testified that she had made nine or ten monthly payments of $253.17 in 1977 and that 80 or 90 payments had been made on the property since its purchase. Kenneth testified that he had $11,000 equity in the property plus what had been paid on the note since 1970. Additionally, Kenneth detailed improvements to the property totalling approximately $4,100. These improvements would be lost if the injunction did not issue.

We conclude the trial court was justified in believing that the evidence adduced at the hearing tends to support the existence of a probable right and a probable injury. The Rutherfords are not required to establish that they will prevail in the litigation. *Transport Co. of Texas v. Robertson Transports, Inc., supra.*

■ Appellants also contend that the trial court erred in granting relief in excess of that prayed for by the Rutherfords. Appellants complain of the trial court's action in ordering Craig to collect rents and revenues from the property and authorizing Craig to use these revenues to make immediate and necessary repairs to the buildings. Further complaint is made that the injunction enjoins foreclosure of future breaches for an indefinite period of time. The evidence established that Craig had already begun collecting rents from the property when this injunction proceeding was instituted. Craig was deducting the monthly payment of $253.17 from rents totalling $600 a month and placing the balance in an escrow account which he established. Thus, the order merely requires Craig to continue a course of action which he began. Furthermore, we are persuaded that the order is designed to protect Craig's interest and is calculated to maintain the status quo of the subject matter of the action pending final disposition. There is no indication in the record that the trial court will not proceed forthwith to dispose of the matters now pending before it.

■ Appellants complain in their final point of error that the trial court abused its discretion in setting the injunction bond at only $1,000. Appellants argue that this sum is insufficient security for the monetary damages, in addition to costs, which they will sustain if the injunction is dissolved because wrongfully issued. We have already detailed the provisions of the temporary injunction which operate to protect Craig from sustaining further damages. Furthermore, the temporary injunction does not purport to enjoin the collection of a debt, but only enjoins foreclosure under the deed of trust. Under these circumstances, we are persuaded that the trial court did not abuse its discretion in setting the amount of the bond.

In summary, we conclude that the trial court did not abuse its discretion by issuing the temporary injunction. The appellants' points of error are overruled and the order of the trial court is affirmed.