**Lee McGOWAN, trustee, and Frank Szatkowski, Appellants,**

v.

**Carlos PASOL and Jovita Pasol, Appellees.**

**No. 1608.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 11, 1980.

**730**

Franklin T. Graham, Jr., Brownsville, for appellants.

Fred Galindo, Brownsville, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal by Frank Szatkowski and Lee McGowan, the defendants in the trial court, from an order of the District Court of Cameron County, Texas, which enjoined them from selling certain real property in Cameron County at a trustee's sale under a deed of trust. Carlos Pasol and Jovita Pasol, his wife, the owners of the real property in question, who were the plaintiffs in the trial court, are residents of Mexico City. The defendants are residents of Cameron County, Texas.

The plaintiffs purchased the subject real property, an apartment house in Brownsville, Texas, from Szatkowski in January, 1977. The purchase price for the property was $85,000.00, of which $17,000.00 was paid in cash, and the remaining $68,000.00 was evidenced by a note, executed by the plaintiffs, and payable to the order of Szatkowski in monthly installments of $611.20 each (including interest), commencing March 1, 1977. The note was secured by a vendor's lien and by a deed of trust. Monthly payments in the agreed amounts were made without incident through February, 1979. Szatkowski accepted all such payments and credited them on the note. The March 1, 1979 payment was not received by Szatkowski until March 15, 1979. Szatkowski, sometime after March 1, 1979 and prior to March 9, 1979, instructed his attorney to commence foreclosure proceedings. On March 9, 1979, Szatkowski's attorney directed Lee McGowan, as trustee under the deed of trust, to post notices of sale, which he did. On the same day, the attorney wrote the plaintiffs a letter, which, in relevant part:

1) advised them that they had been "continuously in default in that the payments called for under the terms of said note have not been made timely"; 2) told them that the maturity date of the note had been accelerated; 3) demanded that the principal balance ($62,490.60) on the note be paid; and 4) notified them that the property would be sold at trustee's sale on April 3, 1979, if the principal balance on the note had not been paid by that date. The letter was received by the plaintiffs on March 19, 1979.

On March 23, 1979, the plaintiffs filed their original petition in the Cameron County District Court seeking a temporary restraining order and temporary injunction against the planned trustee's sale of their property. A temporary restraining order was granted by the trial court the same day. This order was continued as a temporary injunction on April 2, 1979. On July 18, 1979, the trial court granted the plaintiffs a permanent injunction, which enjoined the defendants from selling the affected real property

"at Trustee's Sale under the terms of the Notice of Sale dated and posted by Defendant on March 9, 1979 and on any other grounds that Defendant (sic) allege through and including June 25, 1979."

The defendants first contend that plaintiffs' pleadings are insufficient as a matter of law to support the judgment for the reason that the petition did not "allege compliance with or negate all of the covenants and agreements of the parties to the note." We need not reach the merits of this contention. Defendants did not file any special exceptions to plaintiffs' petition. Consequently, the alleged defect in the petition has been waived and cannot be raised for the first time in this Court. Rule 90, T.R.C.P.; 2 McDonald, Texas Civil Practice § 5.18 (1970). The first point of error is overruled.

Concerning whether the note payment which was due on March 1, 1979, was late, the trial court found: 1) the installment on the note that was due on March 1, 1979, was

made by the plaintiffs by check dated February 28, 1979, and was mailed by the plaintiffs to Szatkowski on February 28, 1979; and 2) the monthly installments on the note were not in default at the time the notice of trustee's sale was posted on March 9, 1979.

■ Defendants' attorney, in essence, represented to the trial court during the early part of the trial that the only issue of fact before the court was whether the letter which contained the note payment that was due on March 1, 1979, was timely mailed. Defendants attack the finding of fact that the letter was mailed on February 28, 1979, in their second point on the ground that there is no evidence to sustain the finding, and, in the alternative, that the finding is against the overwhelming weight of the evidence. However, the only relief sought in this appeal is that the judgment of the trial court be reversed and the injunction dissolved. We treat the point only as a "no evidence" point. In resolving the issue, we consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

■ Where payment of an obligation by mail is authorized, the mailing of a letter including remittance which is properly addressed, and with postage prepaid on the last day of payment, is a timely payment. *Parkview General Hospital, Inc. v. Ashmore*, 462 S.W.2d 360 (Tex.Civ.App.–Corpus Christi 1970, writ ref'd n. r. e.); *Fant v. Miller*, 218 S.W.2d 901 (Tex.Civ.App.–Texarkana 1949, writ ref'd n. r. e.). Here, payment by mail was authorized by Szatkowski. The only question to be resolved is whether there is any evidence of probative value to support the trial court's finding that the March 1, 1979, payment was mailed on February 28, 1979. There is no direct evidence that the letter in question was mailed in Mexico City on February 28, 1979, but, in answering this question, circumstantial evidence may be considered. *Wendlandt v. Sommers Drug Stores Co.*, 551 S.W.2d 488 (Tex.Civ.App.–Austin 1977, no writ); 23 Tex.Jur.2d, Evidence, § 84.

All installment payments were mailed to Szatkowski by the plaintiffs from Mexico City. The plaintiff Carlos Pasol testified that on at least eight occasions he "made the monthly installments several days prior to the due date." The length of time required for a letter mailed from Mexico City to reach Brownsville, Texas, varied from two days to as much as three weeks.

The plaintiff Jovita Pasol signed all checks (note payments) for the six–month period preceding March 1, 1979. It is undisputed that the check and its letter of transmittal were both dated February 28, 1979, and were signed by Mrs. Pasol. It is further undisputed that the letter, with the correct amount of postage affixed thereon, was properly addressed to Szatkowski at Brownsville, and was delivered to his proper address on March 15, 1979. The postmark on the letter is illegible.

Mr. Pasol's testimony constitutes some evidence from which an inference may be drawn that the plaintiffs mailed the March, 1979, payment on February 28, 1979. Since this was the only alleged default at issue before the trial court, and since it is indispensable to the exercise of a right to accelerate that there be a default, we hold that there is evidentiary support of probative value for the trial court's finding of fact. Defendants' second point is overruled.

■ There is another reason for affirming the judgment of the trial court. A correct judgment was rendered irrespective of the finding that payment due on March 1, 1979, was mailed on February 28, 1979. It is the duty of an appellate court to sustain the judgment of the trial court if it is correct on any theory of law applicable to the case. *Custom Leasing, Inc. v. Texas Bank and Trust Company of Dallas*, 516 S.W.2d 138 (Tex.Sup.1974); *Messer v. County of Refugio*, 435 S.W.2d 220 (Tex.Civ. App.–Corpus Christi 1968, writ ref'd n. r. e.).

The finding by the trial court that the note was not in default on March 9, 1979, is challenged by the defendants in their fourth point on the ground that since the

evidence conclusively shows that the note payment due March 1, 1979, "was not made until March 15, 1979," Szatkowski had an absolute right to accelerate all payments due on and after March 1, 1979. We disagree.

There is no evidence in the record which conclusively shows that the note payment in question was not made until March 15, 1979. On the contrary, the evidence shows that the payment was received through the mail on March 15, 1979, which conclusively shows that payment was made by placing it in the mail prior to the date of delivery.

 Exercise of the power of acceleration is a harsh remedy which deserves close scrutiny. *Crow v. Heath*, 516 S.W.2d 225 (Tex.Civ.App.–Corpus Christi 1974, writ ref'd n. r. e.). Loss of the right to accelerate may result from inconsistent or inequitable conduct on the part of the holder of a promissory note. *Vaughn v. Crown Plumbing & Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.–Houston [1st Dist.] 1975, writ ref'd n. r. e.); *Matter of Marriage of Rutherford*, 573 S.W.2d 299 (Tex.Civ.App.– Amarillo 1978, no writ); *Diamond v. Hodges*, 58 S.W.2d 187 (Tex.Civ.App.–Dallas 1933, no writ).

It has been held that the holder of a promissory note is precluded from accelerating its maturity where there are circumstances which tend to show that the holder has exercised his option to accelerate, not for the purpose of protecting his debt or preserving the security therefor, but for the purpose of coercing the maker to pay the then balance remaining unpaid on the note, or risk foreclosure of the lien on the property securing the debt. *Vaughn*, supra, at page 76. See also *Brown v. Hewitt*, 143 S.W.2d 223 (Tex.Civ.App.–Galveston 1940, writ ref'd); *Bischoff v. Rearick*, 232 S.W.2d 174 (Tex.Civ.App.–El Paso 1950, writ ref'd n. r. e.).

In the case at bar, the evidence clearly showed that defendants had acquiesced in the acceptance of eighteen monthly payments from plaintiffs, all of which were made by checks "dated between the 1st and the 10th of each month," and all of which,

although received by Szatkowski after the first of the month, were accepted by him. Regardless of the exact date when the letter containing the March, 1979, payment was mailed, it would be unjust, oppressive and inequitable for Szatkowski to accelerate the indebtedness on March 9, 1979.

 Ordinarily, acceptance of past due installments on a note waives *only* the option to accelerate on the past defaults and does *not* waive the option to declare the balance due on the note for future defaults. *Matter of Marriage of Rutherford*, supra; *Hiller v. Prosper Tex., Inc.*, 437 S.W.2d 412 (Tex.Civ.App.–Houston [1st Dist.] 1969, no writ); *Musso v. Lodwick*, 217 S.W.2d 165 (Tex.Civ.App.–Dallas 1949, no writ); *Weierhauser v. Bennett*, 19 S.W.2d 572 (Tex.Civ. App.–San Antonio 1929, no writ). However, where, as is the case here, the holder of the note has accepted late payments on numerous occasions in the past, he is precluded from accelerating the maturity of an installment note because of a single late payment unless he has, prior to the late payment for which default is claimed, notified the maker that in the future he will not accept late payments. See *Diamond v. Hodges*, supra; *Matter of Marriage of Rutherford*, supra.

 Even though the January, 1977, note contained a "waiver of notice of acceleration" provision, it did not provide for automatic acceleration in the event of default, nor did it provide that the holder's failure to exercise the option to accelerate upon default would not constitute a waiver of exercise of the same right upon any subsequent default. See *Vaughn*, supra, at page 74.

The trial court properly found that no installments were in default as of March 9, 1979. Such a finding can be based on the theory that the plaintiffs justifiably believed from their prior association with Szatkowski, and from his acts, that the option to accelerate would not be exercised for mere lateness of payment. See *Diamond v. Hodges*, supra. A correct judgment was rendered by the trial court. Defendants' fourth point is overruled.

We have read the record in its entirety. There is nothing therein which suggests a reversal and remand in the interest of justice. We have carefully considered all of the defendants' remaining points of error. They are overruled.

The judgment of the trial court is AFFIRMED.