Jacques **VALLEY** and Wife, Therese Valley, Relators-Appellants,

v.

Robert J. **PATTERSON**, Individually and as Trustee for Emma E. Dickson, Respondent-Appellee.

No. 1867.

Court of Civil Appeals of Texas, Corpus Christi.

March 24, 1981.

William R. Anderson, Jr., Sorrell, Anderson, Sorrell & Cachere, Corpus Christi, for relators-appellants.

B. Mills Latham, Law Offices of Latham & Patterson, Corpus Christi, for respondent-appellee.

BISSETT, Justice.

## OPINION

This cause reached this Court by the filing of an application for an injunction to restrain the sale of real property at a proposed trustee's sale to be held on March 3, 1981. Jacques Valley and wife, Therese Valley, as plaintiffs, filed suit against Robert J. Patterson, individually and as trustee for Emma E. Dickson, in the District Court of Nueces County, Texas, on February 20, 1981, and sought the issuance of a temporary injunction, which, if granted, would have enjoined the said proposed trustee's sale. The injunction, after a hearing on plaintiffs' petition, was denied by the trial court on February 26, 1981.

Jacques Valley and wife, Therese Valley, relators in this Court, with leave of this Court first obtained, filed an application in this Court on February 27, 1981, pursuant to Rule 383, T.R.C.P., and Tex.Rev.Civ.Stat. Ann. art. 1823 (1964), to enjoin Robert J. Patterson, individually and as trustee for Emma E. Dickson, defendant in the trial court and respondent in this Court, from selling certain real property under the powers conferred by a deed of trust pending the disposition by this Court of the merits of an appeal from the denial of the temporary injunction by the trial court.

Relators sought injunctive relief in this Court on the ground that the same was necessary in order for this Court to protect its jurisdiction of the appeal from the order denying the aforesaid temporary injunction. Otherwise, according to their application, our jurisdiction would have been unlawfully

invaded by the destruction of the subject matter of the appeal before we had decided the issues raised in the appeal.

Plaintiffs alleged in their trial court petition: 1) that they were the owners of a certain parcel of real estate in Nueces County, Texas; 2) that at that time, Robert J. Patterson and Emma E. Dickson were the owners of a promissory note which is secured by deed of trust covering said parcel of real estate; 3) that the aforesaid note, in the original sum of $40,000, was executed on October 1, 1980, was non-interest bearing, and was payable in monthly installments in the amount of $1,666.66, each, commencing on October 5, 1980; 4) that payments were made on said note through and including the payment which was due on February 5, 1981; and 5) on February 11, 1981, plaintiffs received from Patterson an acceleration notice, dated February 9, 1981, advising them that the amount ($33,336) "now due and payable" on the note was accelerated and that "the property will be sold on March 3, 1981," at a trustee's sale if the entire amount due is not paid to Patterson before that date. Plaintiffs further alleged that the "attempted acceleration" of the above described note is void and of no force and effect for the reasons that Patterson: 1) has failed to comply with the provisions of Tex. Rev.Civ.Stat.Ann. art. 3810; 2) has failed to first give notice of demand for payment and then notice of actual acceleration of said note; 3) has failed to act impartially with fairness to plaintiffs in such attempted acceleration and foreclosure; 4) and has waived the right to receive payment on said note on the 5th day of each month "in that all previous payments have been accepted by Patterson as trustee on a date subsequent to the 5th of each month and no notice was given to these plaintiffs that payment was required on or before the 5th of each month." It was also alleged that such attempted foreclosure is in violation of 42 U.S.C.A., § 1983, and that the attempted acceleration is defective in that the signature of the co-payee Emma E. Dickson was not notarized.

The transcript was filed by relators in this Court on February 27, 1981. After a hearing, we granted an injunction on March 3, 1981, whereby respondent was enjoined from proceeding with the trustee's sale of said property on March 3, 1981, and ordered that relators file in this Court on or before 5 o'clock p. m. a good and sufficient bond in the amount of $1,000, payable to respondent, to be approved by the Clerk of this Court, conditioned that relators shall pay all damages to respondent in the event it is later held that the temporary injunction was properly denied by the trial court. Such a bond was timely filed by relators, and we advanced the case on our docket and shortened the briefing times of the parties involved in accordance with Rules 410, 411, 412 and 414, T.R.C.P.

On March 3, 1981, and prior to 10 a. m. on that date, we ordered that a formal writ of injunction issue "and all proceedings by Robert J. Patterson, individually and as trustee, and Emma E. Dickson to sell at a trustee's sale on March 3, 1981, the property of this suit be stayed." We further ordered that the subject injunction "shall be in effect until the decision of this Court in the pending appeal in (our) Cause No. 1867 is final, or until such further order of the Court." It was further ordered by this Court "that this cause be set for hearing on March 12, 1981, at 2 p. m."

█ We have the power to grant an injunction in order to enforce or protect our jurisdiction of a pending appeal, and to preserve the subject matter of the appeal. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973 (1931). The transcript of the appeal from the order denying temporary injunction was timely filed in this Court, thereby invoking our jurisdiction of the appeal on the merits of the issue of whether the trial court properly denied relators' application for temporary injunction. *State v. Gibson's Distributing Company*, 436 S.W.2d 122 (Tex.Sup.1968).

█ The issue raised by the application for an injunction in this Court is whether the granting of the same is necessary to protect our jurisdiction of the pending ap-

peal and to preserve the status quo of the parties and the property until the appeal is decided. The issue before this Court on review of the pending appeal is whether the trial court abused its discretion in denying the requested temporary injunction. If the respondent should sell the subject property at a trustee's sale while relators' appeal on the merits is pending, the appeal will become moot and our jurisdiction of the pending appeal will have been unlawfully invaded and its subject matter destroyed, since there would then be no way to enforce our judgment in the event the relators prevail in their appeal. *Madison v. Martinez*, 42 S.W.2d 84 (Tex.Civ.App.—Dallas 1931, writ ref'd); *Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579 (Tex. Civ.App.—Corpus Christi 1975, no writ).

We hold that we had jurisdiction of the original proceeding filed in this Court, and that under the record before us at the time we granted relators' application for an injunction to stay the proposed trustee's sale, the granting of the injunction was proper in order to preserve the subject matter of the appeal and to protect our jurisdiction.

We now turn to the appeal itself. Neither the action we have taken in granting the injunction nor the expressions we have made in support thereof should be taken or construed as any indication of an opinion on the merits of the pending appeal.

On October 1, 1980, Jacques Valley and wife, Therese Valley, executed a note in the original principal sum of $40,000.00, payable to Emma E. Dickson and Robert J. Patterson. The note was non-interest bearing prior to maturity, and was to be paid in monthly installments in the amount of $1,666.66, the first of which was due and payable on October 5, 1980, and the others regularly thereafter, on the 5th day of each succeeding month until the full amount thereof was paid. This note was secured by a deed of trust, executed by the makers, to Robert J. Patterson, trustee, covering certain described land in Nueces County, Texas. The payments which were due on October 5, November 5 and December 5, 1980, were timely made. Patterson, in his brief,

admits that the payment on the note which was due on January 5, 1981, was not paid until January 6, 1981, which was one day late.

The installment which was due on February 5, 1981, was not paid on that date. Jacques Valley testified that on Saturday, February 7, 1981, he suddenly remembered that the installment due on February 5, 1981, had not been paid. He then telephoned his wife at their home in Athens, Texas, who put a check in the mail sometime after 3 p. m. on that date; this check was mailed to Patterson from Athens, Texas, on February 7, 1981. The letter, however, bore a postmark of February 9, 1981, and it was received by Patterson on February 11, 1981.

On February 9, 1981, Patterson sent a telegram to the Valleys, which advised them that the monthly payment which was due on February 5, had not been paid; that the note was being accelerated, and that the full amount of $33,386.00, as principal then due and owing on the note, was immediately due and payable. Apparently, this telegram was placed in the Valleys' post office box in Athens, Texas, upon its being transmitted by Western Union. It was not actually received by them until February 11, 1981. Also, on February 9, 1981, Patterson sent a letter to the Valleys which notified them that default had occurred in the payment of the monthly installment due February 5, 1981, and that the payees of said note had elected to accelerate the maturity thereof. They were further advised that all unpaid monies are "now immediately due and payable." The letter also notified them that the property would be sold at trustee's sale on March 3, 1981, if the entire amount then due was not paid before that date. A copy of the notice of foreclosure sale was enclosed in the letter. This letter was received by the Valleys on February 11, 1981. The check for the February payment was returned to the Valleys by Patterson on February 11, 1981. Suit was then filed by the Valleys on February 20, 1981, as already noted.

A trial court is clothed with broad discretion in determining whether a temporary injunction is needed to preserve the rights of the parties preceding a final trial of the case, and when that discretion is exercised, its order should not be overturned unless the record discloses a clear abuse of discretion. *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952). See also *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

■ In its first point of error, the Valleys complain that the attempted acceleration of the note is void and of no effect because Patterson did not comply with the provisions of Article 3810, Tex.Rev.Civ.Stat.Ann. (Supp.1980). The statute, in pertinent part, provides:

\*     \*     \*     \*     \*     \*

"In addition, the holder of the debt to which the power is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder. Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service . . . ."

The notice in question was mailed via certified mail to the Valleys at their proper post office address by Patterson on February 9, 1981. It was received by them on February 11, 1981. The trustee's sale was scheduled to take place on March 3, 1981. The Valleys argue that the computation of the twenty-one days should begin when the letter was received by them on February 11, 1981. We disagree. The statute clearly states that the deposit of the notice in the U.S. mail marks the beginning of the computation of the twenty-one days. Also, the date of notice when given by certified mail is controlled by the mailing date, and not the date on which the letter was received. *Texas Real Estate Com'n. v. Howard*, 538 S.W.2d 429 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.); *Johnson Service Co. v. Climate Control Contractors, Inc.*, 478 S.W.2d 643 (Tex.Civ.App.—Austin 1972, no writ).

The notice of trustee's sale, properly addressed to the Valleys was deposited in the U.S. mail, by certified mail, more than twenty-one days before March 3, 1981, the date of the scheduled sale. Patterson, as a co-payee of the note and as trustee under the deed of trust, sufficiently complied with Article 3810. The first point of error is overruled.

■ In their second point of error, the Valleys complain "the trial court erred in denying appellant's application for a temporary injunction for reason that Patterson had not properly accelerated the note in question." Specifically, the Valleys direct this Court's attention to *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 865 (Tex.Sup.1975), where the rule originally announced in *Falk v. Futch*, 147 Tex. 253, 214 S.W.2d 614, 616 (1948) was republished, to-wit:

"Where the acceleration clause in a promissory note leaves it optional with the holder whether he shall declare the whole amount due upon failure to pay any installment of principal or interest, such holder cannot without presentment for payment, exercise this option to declare the whole amount due."

That rule was followed by this Court in *Crow v. Heath*, 516 S.W.2d 225 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.). However, this rule of law is not dispositive of the appeal in the instant case. Here, in addition to granting the holder the option to mature the total amounts due on the note upon default by the makers, the note contained the following provision:

"Each maker, surety and endorser of this note expressly waives all notices, de-

mands for payment, presentations for payment, notices of intention to accelerate the maturity protest and notice of protest, as to this note and as to each, every and all installments here."

The opinions in both *Allen Sales & Servicenter, Inc. v. Ryan*, supra, and *Crow v. Heath*, supra, do not reflect that the notes involved contained any express waiver of presentment for payment, demand for payment, or notice of intention to accelerate the maturity of the note as a result of default. Those cases are factually distinguishable from the case at bar and do not control the disposition of this case.

In light of the express waiver in the promissory note, neither written demand for payment, presentment for payment, nor written notice of intention to accelerate the maturity of the note was required before acceleration of the note. *Burnett v. Manufacturer's Hanover Trust*, 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.); *Sylvester v. Watkins*, 538 S.W.2d 827 (Tex.Civ.App.—Amarillo 1976); *Whalen v. Etheridge*, 428 S.W.2d 824 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.); *Interstate Life Insurance Company v. Turner*, 371 S.W.2d 913 (Tex.Civ.App.—Waco 1963, writ ref'd n. r. e.).

In their third point of error, the Valleys complain "the trial court erred in denying appellants' application for temporary injunction for reason that Robert J. Patterson did not or could not act impartially as a trustee." In particular, they contend that Patterson could not act impartially as a trustee under a deed of trust covering the security for the note, being a co-payee of the note. We do not agree.

■■■ A trustee must act with "absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Hammonds v. Holmes*, 559 S.W.2d 345 (Tex.Sup.1977). See also *First Federal Savings v. Sharp*, 359 S.W.2d 902 (Tex.Sup.1962). There is no evidence that Patterson failed to act with impartiality in performing his duties as trustee under the deed of trust. He accelerated the note after the February payment had become due.

He did so at the express request of his co-payee, Dickson. He was acting well within his powers as a trustee as set out in the deed of trust. Mere interest in the secured debt does not disqualify one from acting as a trustee. *Graham & Locke Investments v. Madison*, 295 S.W.2d 234 (Tex. Civ.App.—Dallas 1956, writ ref'd n. r. e.). It has been held that even a mortgagee may act as a trustee and become the purchaser of the secured property at the trustee's sale. *Tarrant Savings Assoc. v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.Sup.1965). The third point of error is overruled.

■■■ The Valleys, in their fourth point of error, assert that Patterson waived any right to accelerate the note for a late payment because he had previously accepted one or more late payments without protest. The point cannot be sustained.

There are cases which have held that where the holder of the note has accepted late payments on numerous occasions in the past, he is precluded from accelerating the maturity of an installment note because of a single late payment unless he has, prior to the late payment for which default is claimed, notified the maker that in the future he will no longer accept late payments. Such was the holding of this Court in *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ. App.—Corpus Christi 1980, no writ); however, in that case, the note was payable in monthly installments commencing March 1, 1977, and of the installments which became due from that date until March 1, 1979, eighteen were late payments, but all were accepted by the payee; the holder did not, prior to the late payment for which default was claimed, notify the maker that he would no longer accept late payments on the note. In *Matter of Marriage of Rutherford*, 573 S.W.2d 299 (Tex.Civ.App.—Amarillo 1978, no writ) the maker of the note, between the year 1975 and January 16, 1978, "regularly made late payments on the note," which were accepted by the payee; the Amarillo Court of Civil Appeals held that the right of the holder of the note to accelerate the same and to foreclose as to past defaults had been waived until notice

was given to the maker that "future defaults will provide the basis for foreclosure proceedings." In the case of *Vaughan v. Crown Plumbing & Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.), late payments were made and accepted for "several months" prior to the attempted acceleration of the note and the institution of foreclosure proceedings. There, the judgment of the trial court which granted a temporary injunction that enjoined a deed of trust foreclosure sale was affirmed by the Houston [1st Dist.] Court of Civil Appeals. The aforesaid cases, *Pasol, Rutherford* and *Vaughan* are factually different from the case at bar and do not control the disposition of this case on the issue of the effect of a *single* payment that is only *one* day late.

The acceptance by Patterson of the January 5, 1981 payment on January 6, 1981, does not amount to a waiver of the contractual right to demand that future payments be timely made. There is no evidence that the late payment of the January 5, 1981 payment, or the delay in the payment that was due on February 5, 1981, were the result of accident, mistake or inequitable conduct on the part of Patterson. The fourth point of error is overruled.

In our opinion, the trial court acted properly in denying the requested temporary injunction and well within the bounds of its discretion. We find no abuse of discretion. Therefore, the injunction issued by this Court on March 3, 1981, is DISSOLVED, and the judgment of the trial court is AFFIRMED.

NYE, Chief Justice, concurring.

I concur in the result. We stopped the trustee's sale until we could get the statement of facts. Thus, we were in error. It now appears that we improvidently granted leave to file the application for temporary injunction.

The trial court, in the main case, did not abuse its discretion in denying the temporary injunction. *Brooks v. Expo Chemical Company*, 576 S.W.2d 369 (Tex.Sup.1979); *Davis v. Huey*, 571 S.W.2d 859 (Tex.Sup. 1978). The judgment of the trial court should be affirmed.