Samuel Michael GRELLA, et al., Appellants,

v.

William V. BERRY, et al., Appellee.

No. 01–82–0670–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1982.

John Wright, Houston, for appellants.

Warren Hancock, Jr., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

JACK SMITH, Justice.

The appellants, Samuel Michael Grella and Michael Joseph Grella, seek reversal of a trial court interlocutory order denying their petition for a temporary injunction.

The appellants assert that the trial court abused its discretion in refusing to enjoin the appellees, William V. Berry and Warren E. Hancock, Jr., trustee, from foreclosing under the terms of a deed of trust. They contend that the appellee, Berry, made an unlawful declaration of default and acceleration of maturity of the appellants promissory note.

On September 30, 1980, the appellants purchased from Berry certain property located in Harris County. The consideration for the purchase consisted of a cash payment made at the closing of the transaction, and the execution of a $112,000 "real estate lien note". The note was payable monthly and contained the following clause:

> Each maker, surety and endorser of this note expressly waives all notices, demands for payments, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all installment here of.

The installment due on February 1, 1981, was not timely paid. On February 3, 1981, Berry notified the appellants that he intended to exercise his option to accelerate the maturity date of the note and to foreclose the lien by trustee's sale.

On February 27, 1981, the appellants and Berry entered into an agreement for reinstatement of the real estate lien note. Among the considerations recited as the basis for the agreement was the following:

> All future note payments are to made by a cashier's check payable to the order of William Virgil Berry, delivered on or before the first day of each month as provided in said note, to William Virgil Berry or his representative at LaCarafe, 813 Congress Avenue, during the business hours of said business, which begins at 12:00 noon each day through 2:00 a.m. the following day.
> William Virgil Berry, by agreeing to reinstate this note at this time waives no remedy for future breaches of obligations imposed by said note or deed of trust, and makers acknowledge the right of holders of said note to accelerate maturity of said note without further notice to them upon future breach as provided in said note.

The payment due on July 1, 1982 was not paid on that day. On July 5th, Berry, upon being informed that there had been no payment made, notified Hancock, the trustee under the deed of trust, that he had accelerated the note. He instructed Hancock to post the property for sale and to notify appellants of his intention to sell the property at public auction.

On July 6, 1982, the appellants tendered a cashier's check to a Mr. Willard Wood, a person to whom they had made prior payments. On July 7, 1982, Hancock mailed a letter to the appellants notifying them of Berry's acceleration of the maturity of the note, his intention to sell the property, and returned the cashier's check which had been delivered to Mr. Wood on the previous day.

The appellants testified that they attempted on July 2, to make the payment which had been due on July 1st. However, they could not find Mr. Wood on that date. Mr. Wood testified that his place of business had been open and that he was there during the working hours on July 2, 1982.

The appellants initially contend that the appellees could not accelerate the real estate lien note without complying with the

prerequisites of notice in the note. In the alternative, they contend that the appellees waived their right to foreclose when they accepted payment prior to initiating foreclosure proceedings. The appellants cite *Purnell v. Follett,* 555 S.W.2d 761 (Tex.Civ. App. Houston [14th Dist] 1977, no writ) and *Joy Corp. v. Nob Hill North Properties, Ltd.,* 543 S.W.2d 691, (Tex.Civ.App.—Tyler 1976, no writ), to support their position that the prerequisites stated in a note must be met before a note may be accelerated. These cases hold that prior to an acceleration of a note, the holder of the note must make presentment and demand, give the obligor an opportunity to make delinquent payments, and declare the entire debt due or take some unequivocal action in that regard.

The facts in *Purnell* and *Joy, supra,* are not analogous to the facts in the instant case, because in those cases there was no express waiver of all notices and demands. In the instant case, the appellants expressly waived all notices and demands. In view of this express waiver, neither written demand for payment, presentment for payment, nor written notice of intent to accelerate the maturity of the note was required before acceleration. *Valley v. Patterson,* 614 S.W.2d 867 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Burnett Manufacturer's Hanover Trust Co.* 593 S.W.2d 755 (Tex.Civ. App. Dallas 1979, no writ ref'd n.r.e.); *Sylvester v. Watkins,* 538 S.W.2d 827 (Tex.Civ. App.—Amarillo 1976, no writ ref'd n.r.e.). We hold that the appellee, Berry, made a valid acceleration of the note.

The appellants' alternate contention that the appellees waived their rights to foreclosure by accepting payment prior to initiating foreclosure proceedings is not supported by the record. The record reveals that Berry accelerated maturity of the note on July 5, 1982, and authorized Hancock to post notice of foreclosure on that date. The payment was delivered to Mr. Wood on July 6, 1982; however, at that time Mr. Wood was not aware that the maturity date of the note had been accelerated on the previous day. The tendered payment was returned to the appellants on July 7, 1982. Thus, there is evidence in the record from which the trial court could have concluded that Berry's decision to accelerate the maturity date of the note was made prior to the delivery of the installment payment and that the delivered installment was not accepted. The appellant's first point of error is overruled.

The appellant's last two points of error urge that the trial court abused its discretion in refusing to grant the appellants a temporary injunction. They contend that under general principles of equity, equitable relief is warranted, and that they have shown themselves to be entitled to a probable right of recovery. They suggest that they will sustain irreparable injury and that the status quo should be maintained. The appellants urge that the exercise of the power of acceleration is a harsh remedy and deserves close scrutiny.

We agree that the acceleration of the maturity of a note is a harsh action by the noteholder. However, we observe that those who seek equity must have been equitable in their own actions. This, the appellants have not shown.

The record in this case reveals that the appellants were aware that the note which they had executed required prompt payment. They also knew that the noteholder not only wanted prompt payment on the note, but demanded it because he had accelerated the maturity of the note on a previous occasion. They were further aware that the noteholder reinstated the note because of their positive assurances, in writing, that all future note payments would be made by cashier's check delivered on or before the first day of each month as provided in the note. In addition, the appellants made no effort to make a payment on the note from July 2nd to July 6th. Notwithstanding these facts, the appellants argue that they are entitled to equitable relief because of a misunderstanding between themselves as to who was going to make the payment.

The rule regarding unilateral mistake was articulated in *Pack v. City of Fort Worth*, 552 S.W.2d 895 (Tex.Civ.App.—Fort Worth 1977, writ ref'd., n.r.e.), wherein the Fort Worth Court of Civil Appeals quoted the Supreme Court of the United States in *Grymes v. Sanders*, 93 U.S. 55, 23 L.Ed. 798, 801 (1876): "Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible. The party complaining must have exercised at least a degree of diligence which may be fairly expected from a reasonable person." There is evidence in the record from which the trial court could have concluded that due diligence was not exercised by the appellants, and that the unilateral mistake alleged was the result of their negligence.

The appellants next assert that the facts show that the noteholder, in accelerating the maturity of the note, is "punishing" appellants for "entering into a commercially advantageous transaction". They assert that the interest rate on the note is far below market rates. The record does not contain any evidence to support this contention.

The appellants' last contention, under their second point of error, is that the appellees are clearly not pursuing foreclosure to protect the noteholders security interest because the appellants have the ability to pay the balance due on the note. The appellants have tendered into the registry of the court the past due installments, but not the balance due on the note. As previously stated, it is a principle of equity that to obtain equitable relief the applicant must have done equity. In a suit seeking equitable relief to avoid foreclosure, where the appellants allege they can pay the full amount of the note, we are of the opinion that the appellants must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity. This they have not done. See *Ginther-Davis Center, Ltd. v. Houston National Bank*, 600 S.W.2d 856 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd., n.r.e.). The appellant's second point of error is overruled.

Finally, the appellant's assert that they have shown themselves to be entitled to a probable right of recovery. They suggest that they will suffer irreparable injury and that the status quo should be maintained. In view of our holding that the appellees had a legal right to accelerate the maturity of the note, we overrule this assertion. The standard for appellate review of the denial of a temporary injunction is whether the trial court abused its discretion. *Crestview Ltd. v. Foremost Ins. Co.*, 621 S.W.2d 816 (Tex.Civ.App.—Austin 1981, writ ref'd., n.r.e.). While it is the function of a temporary injunction to preserve the status quo, the preservation of status quo is not a *per se* basis for its issuance. There must first be shown a probable right and probable injury. *Crestview Ltd. supra.* Since there is not a sufficient showing of a probable recovery on the merits, we hold that the trial court did not abuse its discretion in refusing to grant the appellants a temporary injunction. The appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.