**DHANANI INVESTMENTS, INC. & Hasham A. Dhanani, Indiv., Appellants,**

v.

**SECOND MASTER BILT HOMES, INC. & Donald L. Burkett, Trustee, Appellees.**

No. 2-82-173-CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1983.

Michael F. Pezzulli, P.C. and Michael F. Pezzulli, Dallas, for appellants.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland and John B. McClane, Fort Worth, for appellees.

## OPINION

ASHWORTH, Justice.

Dhanani Investments, Inc., and Hasham A. Dhanani have here appealed the judgment of the trial court which denied their application for temporary injunction to prevent Second Master Bilt Homes, Inc., and Donald L. Burkett, Trustee, from selling certain real property at a foreclosure sale under the terms of certain deeds of trust.

We reverse and remand.

Dhanani Investments, Inc., in connection with its purchase of two apartment complexes, executed three promissory notes and corresponding deeds of trust. The notes all provided, among other provisions:

Each Maker, Surety and Endorser waives Notice, Demand for payment, Presentment for acceleration of maturity, Presentment for Payment, and Protest, and agrees and consents that this note may be renewed, or the time of payment extended, without notice, and without releasing any of the parties.

Dhanani made regular payments on the property for a time and then transferred it to Brett M. Davis, Trustee for Wendell A. Jacobson. Wendall Jacobson bought appellant's interest in such property subject to the notes upon which the payments in question were due.

Jacobson gave checks for November, 1981 note payments which were insufficiently funded. Appellee accepted payment for November and December in a lump sum to cover such insufficient fund checks and the then current December payment. The property was not posted for foreclosure nor was it posted for foreclosure from January, 1982 through May, 1982, although all of such payments were late.

The payments due on June 1, 1982 were not paid. On June 22, 1982, Second Master Bilt sent a letter by certified mail to Dhanani Investments which letter advised them and other addressees that Second Master Bilt had "exercised its option as owner and holder of the foregoing three Notes, to declare the entire indebtedness due in connection with each of the three Notes to be due and payable, effective immediately."

Such letter also stated that in the absence of immediate payment in full of all principal and accrued interest, the trustee would proceed with foreclosure proceedings. Notices of foreclosure were prepared, posted and served upon Dhanani Investments by certified mail from Donald L. Burkett, Trustee. Tender of a $14,000.00 cashier's check was forthwith made to Second Master Bilt through its attorney, John McClane. The same was refused by Mr. McClane in a letter of June 28, 1982 with the check enclosed and with the Second Master Bilt demands restated.

Several facts appear to be established in the record. One, Dhanani had no actual notice of Jacobson's late payments of January through May, 1982. Two, Dhanani had no notice of the June delinquency until the letter of acceleration of June 22. Three, Donald Burkett, Trustee in the deeds of trust herein involved, sent a statement to Dhanani's attorney, Grossman, at the end of the year which was returned with instructions that all mail should be directed to Brett Davis (Trustee for Jacobson). Four, Mr. Cohen (an associate of Grossman), in his letter of January 25, 1982, referred to "our

client, Brett M. Davis, Trustee" and noted the enclosure of a check to cover a defaulted payment on one of the notes. Five, the check was accepted, as were late payments for February, March, April and May. Six, Burkett testified that before such letter of January 25, 1982, he made verbal "foreclosure threats" to Cohen if the note payments were not kept current. (We have not found in the record any unequivocal notice of intent to accelerate made since before January 25, 1982, except the June 22 letter).

Dhanani's one point of error urges that the trial court abused its discretion in not granting the temporary injunction. The one point is divided into four subpoints which urge that Second Master Bilt: acquiesced in late payments; failed to unequivocally notify appellants it would no longer accept late payments; failed to give appellants notice of intent to accelerate before attempting it; failed to give unequivocal notice of acceleration; and failed to apply the standards applicable to granting or denial of a temporary injunction involving an attempted foreclosure on real property.

In its judgment the trial court relied on *Valley v. Patterson,* 614 S.W.2d 867 (Tex. Civ.App.—Corpus Christi 1981, no writ) and *Sylvester v. Watkins,* 538 S.W.2d 827 (Tex. Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

These two cases are similar to the instant case in that each contains a waiver of "all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest". However, in one glaring respect each is materially distinguishable from the case under consideration.

In *Valley v. Patterson, supra,* a note secured by a deed of trust provided for monthly payments beginning October 5, 1980. The October, November, and December payments were made on or before the due date. The January 5, 1981 payment was made on January 6, 1981. The February 5, 1981 payment was received on February 11, 1981. On February 9, 1981, the payee, Patterson, sent a telegram to the makers, Valley, that the February 5th pay-

ment had not been made, that the note was being accelerated, and that the total balance was immediately due. Also on February 9th, Patterson sent a letter to the Valleys advising of the default, acceleration, demand for payment, and advising that the property would be sold at trustee's sale on March 3, 1981, and enclosed a notice of foreclosure sale. The opinion in *Valley v. Patterson, supra,* rejected the contention that acceptance of the January 5th payment on January 6th constituted a waiver by Patterson to accelerate and foreclose without giving further notice. In that case there was just one prior late payment, and that by only one day. In the instant case, seven late payments, November, 1981 through May, 1982, were made and accepted before the acceleration on June 22, 1982, because of default of the June 1, 1982, payment. Acceptance of seven consecutive late payments certainly constituted a waiver by appellee of his right to accelerate and foreclose without giving further notice that such tardiness would not be tolerated in the future.

The case of *Sylvester v. Watkins, supra,* involved a note given in part payment for the purchase of some cattle. The note provided for the payment of seven annual payments beginning December 1, 1974. The first payment was not made and Watkins filed suit on January 8, 1975, without prior notice or demand. His petition alleged default of the first payment along with other allegations of default of the terms of the security agreement. In *Sylvester v. Watkins, supra,* there was no question presented with regard to waiver by the holder of his right to accelerate since in effect the acceleration was made on default of the first payment.

The recently decided case of *Grella v. Berry,* 647 S.W.2d 15 (Tex.App., 1982), has been brought to our attention. This case again has an entirely different background. Property was purchased on September 30, 1980, and provided for monthly note payments. The February 1, 1981 payment was not timely paid, and notice given on February 3, 1981 by the holder advising of his

intent to accelerate and foreclose. On February 27, 1981 a reinstatement agreement was executed which provided for future payments to be made by cashiers check due on or before the first day of each month, delivered to Berry or his representative at La Carafe, 813 Congress Avenue, during the business hours of said business, which begins at 12:00 noon each day through 2:00 a.m. the following day. The agreement further provided the same was not a waiver by Berry of rights with regard to future breaches and "makers acknowledge the right of holders of said note to accelerate maturity of said note without further notice to them upon future breach as provided in said note." In *Grella v. Berry, supra,* we see that the payee's insistence on prompt payment was forcibly brought to the attention of the maker, the provision even specifying the place of payment and the rather unusual hours of business; all this was done after the note had been accelerated and was being reinstated. We also note that the holder exercised his right to accelerate on the occasion of the first late payment after reinstatement.

"Foreclosure threats" were made by Burkett to Cohen before January 25, 1982. These "threats" were not sufficient to put the maker on notice of necessity for strict compliance of payment on due date, particularly since after such "threats", the payments for February, March, April and May were accepted even though not timely made.

The case of *McGowan v. Pasol,* 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ), is directly in point and should be followed. In that case the note in question contained a waiver of notice of acceleration just as in the instant case, but in that case eighteen late payments had been accepted before an attempted acceleration was made because the March 1, 1979 payment was received on March 15, 1979. The court held that when the holder of the note has accepted late payments on numerous occasions in the past, he is precluded from accelerating the maturity of an installment note because of a single late payment unless he has, prior to the late payment for which default is claimed, notified the maker that in the future he will not accept late payments. Citing *Diamond v. Hodges,* 58 S.W.2d 187 (Tex.Civ.App.—Dallas 1933, no writ) and *Matter of Marriage of Rutherford,* 573 S.W.2d 299 (Tex.Civ.App.—Amarillo 1978, no writ). In *Matter of Marriage of Rutherford, supra,* seven late payments had been accepted, just as in the instant case.

In the instant case, the holder did not have the right to accelerate under the fact situation. Therefore it is not necessary to discuss other principles such as the exercise of the power of acceleration is a harsh remedy which deserves close scrutiny, *Crow v. Heath,* 516 S.W.2d 225 (Tex.Civ.App.—corpus Christi 1974, writ ref'd n.r.e.), and that the holder of a promissory note is precluded from accelerating its maturity where there are circumstances which tend to show that the holder has exercised his option to accelerate, not for the purpose of protecting his debt or preserving the security therefor, but for the purpose of coercing the maker to pay the balance then remaining unpaid on the note, or risk foreclosure of the lien on the property securing the debt. *Vaughan v. Crown Plumbing & Sewer Service, Inc.,* 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

The granting or denial of a temporary injunction is a matter of discretion with the trial court, and should not be disturbed unless there is a clear showing of abuse of that discretion. Further, the applicant must show a probable right and a probable injury. *Transport Co. of Texas v. Robertson Transports,* 261 S.W.2d 549 (1953). As a matter of law, appellant demonstrated a probable right and a probable injury; the trial court misplaced its trust in *Valley v. Patterson, supra,* and *Sylvester v. Watkins, supra.*

The order of the trial court denying the temporary injunction is reversed and the cause remanded for entry of a temporary injunction after determination of the amount of a proper bond.

FENDER, C.J., and BURDOCK and SPURLOCK, JJ., concur.

HUGHES and JORDAN, JJ., dissent.

HUGHES, Justice, dissenting.

I respectfully dissent and would overrule Dhanani's point of error and all of its four subpoints.

We are required to view the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World v. Systex Corp.,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Where, as here, no findings of fact and conclusions of law were filed, we are required to uphold the judgment on any legal theory supported by the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968).

The notes in the instant case contain express waivers of demand for payment, presentment for payment, presentment for acceleration of maturity and protest. On this waiver rests the ruling of the trial court and my vote to affirm such ruling. *Valley v. Patterson,* 614 S.W.2d 867 (Tex. Civ.App.—Corpus Christi 1981); *Sylvester v. Watkins,* 538 S.W.2d 827 (Tex.Civ.App.—Amarillo 1976, writ ref'd. n.r.e.); *Grella v. Berry,* 647 S.W.2d 15 (Tex.App., 1982).

I would hold that the express waivers in the notes, coupled with the notice of acceleration given on June 22, 1982 and the "foreclosure threats" made by Burkett to Cohen before January 25, 1982, support the order of the trial court in refusing to grant the temporary injunction.

I would affirm.

JORDAN, J., concurs.