**Louis SLUSKY, Trustee, Appellant,**

**v.**

**Thomas Harold COLEY, Jr., and Kathleen Wright, Successor Trustee, Appellees.**

**No. C14–83–609CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 19, 1984.

932

Richard L. Petronella, Houston, for appellant.

Michael Hendryx, Weitinger, Steelhammer & Tucker, Michael G. Tapp, Sellers, Berg & Matthews, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

JUNELL, Justice.

Appeal is taken from a trial court order denying the application by Louis Slusky, Trustee, appellant, for a temporary injunction to prevent appellees, Thomas Harold Coley, Jr. and Kathleen Wright, Successor Trustee, under a Deed of Trust, from foreclosing on a 50,429 square foot tract of land and the three-story commercial building located thereon. Appellant applied for a temporary injunction to preserve the status quo and sought a declaratory judgment establishing his rights under a wrap-around note, deed of trust, and other instruments. The trial court denied that application. Appeal was perfected and this court granted appellant's Application for Writ of Temporary Injunction to protect our jurisdiction. We affirm the trial court's order.

On April 24, 1978, Coley sold the subject property to Larry Gilbert, Trustee. At the same time Coley refinanced his original indebtedness with Northwestern Mutual Life Insurance Company. Coley's 1978 promissory note to Northwestern (in the amount of $600,000) was a personal liability note and was secured by an instrument entitled "Deed of Trust and Security Agreement" which contains this "due-on-sale clause":

> That it (grantor-COLEY) shall not convey, nor enter into any contract to convey title to all or part of the Property without the prior written consent of the holder (NORTHWESTERN) of said note. Any such conveyance or contract to convey, without the prior written consent of said holder shall constitute a default under the terms of this instrument and the whole indebtedness may be declared immediately due and payable at the option of said holder.

The clause also specifically exempted the then pending sale from Coley to Gilbert, provided Coley's personal liability on the $600,000 note was retained.

As part of that April 24, 1978, purchase, Gilbert executed a non-personal liability promissory note payable to Coley in the amount of $710,000, said amount to include

or "wrap around" the $600,000 debt. Section 18 of the Deed of Trust securing the $710,000 note contains this language:

> Grantor [GILBERT] expressly agrees to perform or cause to be performed all of the covenants and obligations required under the Deed of Trust and other instruments securing the payment of the NORTHWESTERN MUTUAL note. Any default by Grantor herein in the performance of any covenant or condition under any of the instruments securing the NORTHWESTERN MUTUAL note shall permit beneficiary (COLEY) herein to declare the remaining principal and accrued interest secured hereby immediately due and payable and thereupon foreclose the liens given to secure the payment of all indebtedness secured hereby.

On August 2, 1983, Gilbert conveyed the subject property to Louis Slusky, Trustee, subject to all existing indebtedness. On August 9, 1983, attorneys for Coley wrote a letter to Gilbert demanding two things: (1) payment by noon on August 15, 1983, of over $95,000, being past due principal and interest on the $710,000 note, and ad valorem taxes on the subject property and attorney's fees due under said note and the Deed of Trust securing same; and (2) the furnishing to Coley's attorneys by noon on August 15, 1983, of Northwestern Mutual's written confirmation of its approval of Gilbert's transfer of his interest in the subject property to Slusky. In the August 9 letter Gilbert was notified that failure to comply with both demands by noon on August 15, 1983, would result in acceleration of the maturity of the entire $710,000 note and the foreclosure of the liens securing payment thereof.

On August 12, 1983, appellant tendered the full amount demanded in the August 9, 1983, letter. This tender was refused because appellant never obtained written confirmation of Northwestern's approval of the transfer. Consequently, pursuant to the August 9 letter Coley's attorneys on August 15 sent a letter to Gilbert advising that maturity of the $710,000 note was accelerated at noon on August 15, 1983, and that the property would be posted for

foreclosure on the first Tuesday in September 1983.

Appellant presents three points of error. In his first point appellant urges that, as a matter of law, the trial court abused its discretion by not admitting evidence of Coley's alleged prior wrongful acceleration and appellant's August 12 tender of funds.

Appellant argues that Coley's attempted acceleration in July 1983 and attempted foreclosure sale in August 1983 somehow tainted the September 1983 foreclosure. Coley concedes that his actions in July and August were not sufficient to support a foreclosure sale in August.

■ Appellant was allowed to perfect Bills of Exception to show the circumstances surrounding the prior attempt to conduct a foreclosure sale. After examining those Bills of Exceptions, we agree with the trial court that such data is irrelevant. The September 1983 foreclosure was a transaction in and of itself. It need not be examined in conjunction with any other foreclosure attempt. It is complete and meets all the requirements for a legal foreclosure, a fact which appellant does not dispute.

■ Appellant alleges that one unsuccessful attempt at foreclosure somehow taints and thereby renders void any subsequent foreclosure proceedings. We disagree. A mortgagee is not estopped to bring an action to foreclose because of having brought a previous action. *See* Annot. 53 A.L.R. 525, 532 (1928).

■ If, as in the instant case, a mortgagee inadvertently fails to give proper notice in any respect, he may easily and properly remedy that situation by re-notification. Notices ineffective for any reason appear to be superfluous but are certainly not a bar to later effective notices. *See* Baggett, *Acceleration and Foreclosure on Texas Real Estate,* 14 TEX.TECH L.REV. 704 (1983).

We therefore overrule appellant's first point of error.

In his second point of error appellant contends the trial court abused its discre-

tion by finding appellant had no probable right of recovery.

■ Appellant argues that absent an express contractual provision in Coley's Deed of Trust securing the $710,000 note requiring Coley's prior approval of any transfer by Gilbert, and absent any Northwestern action declaring default or acceleration for such transfer, Coley could not usurp from Northwestern its own determination of what it intended to do or could do based upon Northwestern's Deed of Trust. However, appellant cites no authority for this theory. We find the notion to be without merit. A due-on-sale clause is not an unreasonable restraint on alienation. Such a clause was approved in *Sonny Arnold, Inc. v. Sentry Savings Ass'n*, 633 S.W.2d 811 (Tex.1982) and in *Crestview, Ltd. v. Foremost Insurance Co.*, 621 S.W.2d 816 (Tex.Civ.App.—Austin 1981, writ ref'd n.r. e.). In *Sonny Arnold* the supreme court carefully analyzed the provision in question and held the clause to be valid and enforceable and not a restraint on alienation. It determined that Sentry had acted within its agreed rights by accelerating the note since Arnold had transferred the property without first complying with the clear terms of the mortgage. The Austin Court of Civil Appeals in *Crestview* examined a Deed of Trust which contained a due-on-sale provision. That provision read in part as follows:

> In the event ... any owner of the Mortgaged Premises, without first obtaining approval of Noteholder ... should sell or otherwise dispose of the Mortgaged Premises ... Noteholder shall have the option to declare the indebtedness hereby secured due and payable....

*Id.* at 818.
We find the due-on-sale clause before us now to be clear in both its intent and its wording. Furthermore, although the Deed of Trust securing the $710,000 note did not have a due-on-sale clause in it, it did provide specifically that Gilbert agreed to perform all covenants required under the Northwestern Deed of Trust and that any default in such performance would give Coley the right to declare the $710,000 note due and payable in full and to foreclose the liens securing payment of said note.

■ Appellant also complains that the amount of time it was given, six days, was unreasonable under the circumstances. We find no merit in this argument, and appellant cites no authority to support this argument. Also, the evidence showed that appellant made no application to Northwestern for its approval of the transfer until August 19, 1983, seventeen days after appellant acquired title to the property and eight days after appellant received the August 9 letter giving him until August 15 to secure such approval.

■ Finally, appellant contends that the August 15 letter accelerating the maturity of the $710,000 note for failure to cure the defaults by paying more than $95,000 that was past due and by providing written confirmation from Northwestern of its approval of Gilbert's transfer to Slusky must fail because the evidence showed a tender of all past due amounts on August 12, 1983. We do not understand how the cure of one default would deprive appellee of the right to accelerate maturity by reason of the other default that admittedly had not been cured.

■ It is well settled in this state that "[t]he granting or denial of a temporary injunction is a matter of discretion with the trial court, and should not be disturbed unless there is a clear showing of abuse of that discretion." *Dhanani Investments, Inc. v. Second Master Bilt Homes, Inc.*, 650 S.W.2d 220, 223 (Tex.App.—Fort Worth 1983, no writ). We hold that there is no showing of any abuse of discretion by the trial court in finding appellant had no probable right of recovery and therefore overrule appellant's second point of error.

■ In point of error number three appellant contends the trial court abused its discretion because it failed to preserve the status quo while determining three items: (1) the amount of money to which noteholder Coley may have been entitled; (2) the

duties of successor trustee Wright at any foreclosure sale, and (3) the obligations of successor trustee Wright regarding disbursement of funds from any foreclosure sale.

Appellant has cited no cases that are relevant regarding the novel theories he propounds under this point of error. Finding no merit in appellant's third point of error, we overrule it.

The trial court's order denying the temporary injunction is affirmed; and the temporary injunction granted by this court on September 3, 1983, to protect our jurisdiction, is dissolved.