**NORTHERN TEXAS TRACTION CO. v. BRUCE.**

No. 13027.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 2, 1934.

Rehearing Denied Dec. 21, 1934.

Cantey, Hanger & McMahon, W. D. Smith, and F. T. Denny, all of Fort Worth, for appellant.

Leo Brewster, Tom McMurray, and Arthur Lee Moore, all of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a verdict for plaintiff suing for personal injuries occasioned by the automobile which appellee was driving colliding with an interurban electric car belonging to appellant. At the place of collision the main highway between Fort Worth and Dallas runs parallel to the interurban tracks and 14 feet from them. Appellee was traveling eastward on the highway, and appellant's car was going westward on the tracks. Appellee turned off the highway onto a crossing street, and his automobile struck the front step of the moving electric car. His hip bone and leg were broken and other injuries sustained.

On the north side of the crossing and 6 feet from the tracks is a small shelter house for use of prospective passengers of appellant. Appellee testified that he looked to the east as he turned into the crossing street, slowed down to about 4 miles an hour, and looked east again, and then attempted the crossing of the tracks; he said he saw nothing, was listening, and heard nothing. The lay of the land is practically flat with an up grade from the highway to the tracks. Appellant produced witnesses who testified from experiments that at each of the points on the crossing street, where appellee was, an interurban car such as involved herein was in plain view at all points on the track eastward up to 200 yards. The speed of the electric car was placed at from 20 to 30 miles per hour. The evidence is contradictory about whether or not a whistle was blown. The law in regard to the existence of a prima facie case under such facts is so well settled and has been so often discussed we shall not make any effort to contribute to it. On the authority of Rio Grande Ry. Co. v. Dupree (Tex. Civ. App.)

35 S.W.(2d) 809; Kansas City, etc., R. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111; Trochta v. M., K. & T. Ry. (Tex. Com. App.) 218 S. W. 1038; Beaumont Ry. v. Sterling (Tex. Civ. App.) 260 S. W. 320, we uphold the order of the trial court in overruling the motion of appellant for a peremptory instruction in its favor.

The court submitted to the jury three issues of contributory negligence of appellee: (1) Failure to look, (2) failure to listen, (3) the attempt to cross the tracks. Appellant, by numerous requested issues, sought to have submitted the issue of whether the sudden turning by appellee without warning from the highway into the cross street was negligence.

■■ The trial court should submit only the ultimate issues made by the pleadings and the evidence, R. S. 2189; Texas City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541, and those issues, answers to which are evidentiary only, should not be submitted, Rio Grande Ry. v. Guzman (Tex. Civ. App.) 221 S. W. 1102. The word "ultimate," as used in regard to the submission of special issues, is not taken in its ordinary nonlegal use. Webster defines ultimate as "final"; "last in a train of consequences;" "arrived at as a last result." Neither must we confuse this question with the subdivision of issues into independent issues and auxiliary issues as laid down in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S,W.(2d) 1084, for, as the subject is discussed in that case, all those issues proper to be submitted whether independent or auxiliary are none the less ultimate issues.

If the dictionary definition controlled, then there would be only one ultimate issue of negligence of appellant and only one of contributory negligence of appellee, which latter would be the one submitted: "Was the plaintiff negligent in attempting to cross defendant's track under the facts and circumstances when he did attempt to cross." That issue comprehends all, either directly or by inference. But in the law of special issues many issues are considered ultimate which of themselves do not necessarily decide the controversy between the parties. Negligence is in law an ultimate issue, yet its existence is not a sufficient predicate for judgment until proximate cause, another ultimate issue, be found. However, in the field of facts covered by the inquiry into the degree of care exercised, the finding is ultimate, and the fact-finding body then turns to some other division of conduct bearing on a different angle of the action which similarly ultimate the issues in that field. In Fox v. Dallas Hotel

Co., 111 Tex. 461, 240 S. W. 517, 522, it is said: "Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue."

■ If the issue submitted necessarily directs to a consideration of and requires a decision on such group of facts, then such issue submits that group of facts, and the court may properly refuse to submit the same group of facts in different language. We believe the issue submitted does not direct the jury to, or require a consideration of, the issue of negligence in sudden turning.

■ An ultimate issue of fact to be submitted to a jury is one to which the law directly attaches in applying a rule or principle of law which is potentially necessary to a disposition of the case.

■■ The highway east and west is a much-traveled highway, between two large cities 30 miles apart. The motorman testified that he was watching appellee at all times as the latter traveled eastward on the highway approaching the north and south crossing street and as the motorman was approaching from the east; that, when appellee reached the crossing street, he turned suddenly into the crossing, and, without abating his speed, traversed the 14 feet to the tracks; that the electric car was at the east cattle guard when appellee made the sudden turn, and that it was impossible for him (the motorman) to do anything to avoid the collision; that he sounded his whistle and gong as he approached the crossing; that he applied the extreme methods toward stopping, and also again sounded the whistle when he saw appellee turn. Witnesses testified to this same conduct on the part of the appellee, and that appellee without warning turned into the crossing and increased his speed to the tracks "as if by mistake he had stepped on the accelerator, instead of the brake." They placed his speed at 25 miles per hour.

If Bruce turned into the crossing suddenly and at the speed attributed to him by some of the witnesses, we may leave any further testimony concerning him. It is a matter of mathematics to ascertain that in a second and a half of time he was at the point of collision, and if the jury believed the motorman when he said he saw Bruce all the time; that when Bruce turned the interurban car was at the east cattle guard, beyond any power of stopping before the collision, then we see that the turning of Bruce in to the

crossing street suddenly without giving a signal raised an issue which was an ultimate fact regarding his conduct in that field of inquiry. The law of the road made it the duty of appellee to give an appropriate signal or warning of his intention to turn. While this law is promulgated particularly for those others using the highway, still this motorman of defendant was just about to enter the crossing street which is a highway, and, even if not so considered as a user of the public highway, the question of what his reaction was when he saw Bruce fail to give the signal or warning which should have been given for others, even if the motorman was not entitled to have them given, is for the consideration of the jury in judging the prudence of the motorman. Wichita Falls Co. v. Tucker (Tex. Civ. App.) 261 S. W. 518; Inman v. St. Louis S. W. Ry. (Tex. Com. App.) 288 S. W. 150. We believe this requested issue was not evidentiary, but was an ultimate issue. It therefore follows that the failure of the trial court to submit the same was error, for which the judgment must be reversed.

There are numerous other assignments of error. We have considered each in detail, and believe they should be overruled.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.