John P. Gualtieri, J.
This is a motion made by the Attorney-General to dismiss this $150,000 negligence claim against the State of New York and the New York State Thruway Authority under CPLB 3211 on the ground that a judgment against the claimant in an action tried in the United States District Court, Southern District of New York is res judicata and precludes the claimant from having another trial in the Court of Claims.
On July 23, 1962, the claimant was operating a motor vehicle on the New York State Thruway in the vicinity of the Tappan Zee Bridge. His vehicle skidded, crossed the median mall, proceeded into the northbound lanes where it came into collision with a northbound automobile operated by one Arthur Siccardi, Jr., one of the plaintiffs in the District Court action.
The occupants of the Siccardi vehicle brought an action against claimant and another in Federal court alleging in the usual manner that the accident and the injuries suffered by the plaintiffs were caused solely by the negligence and carelessness of the claimant herein.
At the trial, claimant was represented by attorneys engaged by his insurance carrier and also by his personal attorney who represents him in this claim filed against the State.
It is the contention of the Attorney-General that the issue of claimant’s negligence in connection with this accident was fully litigated, that after a thorough trial which lasted three days and after a proper charge by the trial court the jury returned a verdict in favor of the plaintiffs and against the defendant; that the finding of negligence on the part of the claimant and the judgment entered thereon is binding and conclusive, that it is res judicata of the issues and that the claimant cannot retry that issue in this court.
*237 Certified copies of the Federal court proceedings are attached to the moving papers.
The State relies upon B. R. De Witt, Inc. v. Hall (19 N Y 2d 141), Israel v. Wood Dolson Co. (285 App. Div. 719, affd. 1 N Y 2d 116), and Bronxville Palmer Ltd. v. State of New York (18 N Y 2d 563).
The claimant also relies upon B. R. De Witt, Inc. v. Hall (supra) as an authority in his favor to defeat the State’s motion.
There was furnished to the court a stenographic record of an offer of proof made by the claimant, defendant in the United States District Court action, offering to prove that in the immediate vicinity of this accident there had taken place prior to July 23, 1962, the date of this accident, approximately 15 other accidents; that these accidents followed a pattern under circumstances similar to the accident in which the claimant was involved — wet weather, curve, certain .speeds and vehicles crossing the median mall. The claimant offered to prove that in view of these repeated accidents, the State knew it had a dangerous condition on its hands and should have, in the exercise of due care, posted warning signs and also should have erected a median divider. In short, the claimant sought to establish that his car’s skidding and crossing the median mall were due not to his negligence but to the negligence and carelessness of the State of New York in having a highway condition which was improper and dangerous. He claims he had a right to prove that the accident occurred by the negligence of another, in an effort to show his own freedom from negligence.
The claimant’s offer of proof was rejected by the learned United States District Judge on the ground that “ the State of New York is not in this action ”. At another point where the claimant said that he would show that the Thruway Authority had knowledge and notice of these alleged dangerous conditions, the court said ‘ * I know. But you are not suing the Thruway Authority. * * * How can they defend themselves from all this 1 ” Claimant’s attorney persisted in his request that he be allowed to introduce evidence of the claimed negligence of the Thruway Authority following which the trial court terminated the discussion with the statement “ Well, I think that you are trying to build something here, and I’m not going to allow this. And you can have an exception.”
The doctrine of res judicata, relied upon here by the State, is predicated upon the assumption that the person against whom it is asserted has had his day in court on the issue of his negligence causing or contributing to the accident and *238 cannot have a second chance. However, the very citation relied upon by the State, B. R. De Witt, Inc. v. Hall (19 N Y 2d 141, supra) limits the application of the rule to cases in which a person has had the opportunity to present all of the evidence available to him to exonerate him. The court said, quoting its own language in Cummings v. Dresher (18 N Y 2d 105, 108): “Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another there is no reason for permitting him to retry these issues ” (emphasis ours). Considered in the light of this language it is obvious that this claimant was not afforded the opportunity to attempt to show that the negligence of the State Thruway Authority caused his car to go into a skid and collide with another vehicle.
The State counters with the argument that if the court erred in excluding the proffered evidence the claimant’s only recourse was to appeal from that judgment, which he failed to do.
This court will not venture to suggest that the United States District Judge who presided at the trial erred in excluding claimant’s offer to prove facts tending to establish the Thruway’s negligence. What we do say is that on the trial of the Federal court action upon which judgment the State relies in support of its motion, the claimant was not allowed or permitted to fully establish his defense, namely, that the negligence of someone else caused his car to skid and collide with another vehicle.
In the District Court, the refusal of the Trial Judge to permit the tendered proof was clearly based upon the fact that the State and the State Thruway Authority were not parties to that litigation. The fact is that neither the State nor the Thruway could be made parties in the United States District Court. The only forum in which their liability can be determined is the State Court of Claims which has exclusive jurisdiction thereof. It would be unjust to say that the claimant could not give evidence of the State Thruway’s negligence in the Federal court action because it was not a party, which it never could be, and at the same time deny him the opportunity to establish such negligence here in this court which under the Constitution is the only court that can hear it.
Furthermore, whether or not there should have been an appeal from the District Court judgment was not a decision within the control of the claimant. The court takes judicial notice of the provisions of the standard automobile liability *239 policies which give the insurance carrier complete control of litigation against a policyholder.
Denial of the claimant’s right to prove these facts was accentuated by something else. In his opening statement to the jury, according to the moving papers, the attorney for the plaintiffs, anticipating claimant’s defense, said to the jury that in an effort to exonerate himself from liability the claimant would try to show a negligent and dangerous condition created by the State Thruway Authority. The jury heard this statement. The jury then was not allowed to consider any such evidence and the jurors could very well infer from the fact that the claimant failed to submit it that there existed no such evidence and that the claimant himself was solely responsible for the accident. The offer of proof and the discussion in connection with it took place not in the hearing of the jury.
The State strongly urges that implicit in the jury’s verdict is a finding of the claimant’s negligence. However, it may very well be that the triers of the facts concluded that the claimant must have been negligent because there was no evidence before them giving any other explanation for his car skidding and going over to the wrong side of the road.
It is the conclusion of the court that this claimant has not had his full day in court and that the Federal court judgment is not under the facts shown here a legal bar to his having a trial in the Court of Claims.
If, in fact, the claimant was negligent, the State will have full opportunity to prove it at the trial. On the other hand, the claimant should not be deprived of the equal opportunity to prove that he was not negligent, a privilege heretofore denied him.
In view of the court’s decision, it is unnecessary to pass upon two other legal points raised by the claimant in opposition to the motion. The State’s motion is denied.