■ NUNZIO ALBERO, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 41348.) — GABRIELLI, J. Appeal from an order of the Court of Claims, entered April 3, 1968, which denied a motion to dismiss the claim on the ground of *res judicata.* Respondent was injured on July 23, 1962 when the truck he was operating southbound in the right lane of a four-lane highway, skidded and crossed over the median mall and collided with a northbound vehicle operated by one Siccardi. Thereafter and prior to the filing of the present claim, Siccardi and his passengers brought suit in the United States District Court for the Southern District of New York against the respondent, alleging that the accident and the injuries sustained were occasioned by the negligence of the respondent. Following a jury verdict, judgment was entered in favor of Siccardi and his passengers against the respondent herein. In his claim against the appellants for personal injuries sustained in this same accident, the respondent charges that the negligence of the appellants was the cause of the accident and his resulting injuries. Dismissal of the claim is sought on the ground of *res judicata* (a term often interchangeably used with *collateral estoppel,* see *De Witt, Inc.,* v. *Hall,* 19 N Y 2d 141 and *Schwartz* v. *Public Administrator,* 30 A D 2d 193). The claimant in the court below has successfully bottomed his opposition to the motion to dismiss on the theory that he had not had his full day in court and, therefore, the judgment obtained in Federal Court is not a legal bar to a trial in the Court of Claims. We are unable to agree with the determination below. Upon the facts here presented the respondent is precluded from pursuing his present claim against the State and the Thruway Authority because of the legal bar created by the determination of the former suit. Our primary inquiry must be directed to the proposition that the inquiry before this court is whether or not the issue of the respondent's negligence, dispositive here, was determined by the prior judgment; and that such prior judgment is binding on him as to all the material and relevant issues actually litigated on the merits as well as those which could have been

so litigated. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307; *Pagano* v. *Arnstein*, 292 N. Y. 326, 331.) In order for the jury to reach its verdict in the action brought by Siccardi, it was necessary for them to have found that the respondent's negligence was a proximate cause of the accident and no valid reason has been shown why the respondent should be permitted to retry this issue. The Trial Judge in that action quite properly instructed the jury, *inter alia*, that respondent's skidding did not establish negligence but that they must take into consideration the conditions of the road, weather and speed. More importantly, however, they were also necessarily instructed that if they found the respondent negligent, they must also find that such negligence was the proximate cause of the accident. While we are mindful of respondent's offer of proof in the first case as to other accidents at the same location, we must assume that, in the presentation of his defense, he had an opportunity to present evidence regarding all the conditions of the highway, median mall and bridge; and, of course, had the right to show not only his freedom from contributory negligence, but that the occurrence giving rise to the Siccardi actions resulted from an unavoidable accident. In any event, even if we were to assume some negligence on the part of these appellants, we must reach the inescapable conclusion that it has been judicially determined that the accident was, at the very least, caused by the negligence of the respondent and which negligence was found to be a proximate cause of the occurrence. It is not enough, in an effort to break the chain of causation, that the respondent here prove that his injuries *might* have resulted from other possible causes, for it has been definitely established that the occurrence was caused by *his* negligence. Furthermore, the right of the respondent to recover is expressly based upon the now unsupportable allegation that he was free from contributory negligence and he is not entitled to a further opportunity to relitigate the issue as to his negligence in the cause of the accident. In holding that a prior judgment is a complete defense to a subsequent action under circumstances paralleling the present case, the court in *Hires* v. *New York Cent. R. R.* (24 A D 2d 1075) held that where a plaintiff had been found to be contributorily negligent in a claim against the State, a subsequent negligence action against the New York Central Railroad was dismissed on the ground that the plaintiff's negligence was fully litigated and decided upon the merits in the prior action. That the appellants may assert the doctrine of *res judicata* despite not having been parties to the former action is well established (*Planty* v. *Potter-De Witt Corp.*, 27 A D 2d 401) for as has been succinctly stated the former doctrines of mutuality and unity of litigation have been so undermined as to be inoperative (*De Witt, Inc.* v. *Hall*, 19 N Y 2d 141, 147, *supra*); and so should it be for behind the doctrine of *res judicata* as presented by the facts in this case, there lies a rule of reason and practical necessity. While formerly there existed the necessity that mutuality of estoppel exist, an exception must be recognized where the party *against* whom the plea is raised was a party to the former action and has been found to be guilty of negligence proximately causing that occurrence. In reaching our conclusion upon the facts before us we look to the issue involved in the prior judgment rather than any hypertechnical rule of mutuality or unity of litigation. Similarly "the fact that a party has not had his day in court on an issue *as against a particular litigant* is not decisive in determining whether the defense of *res judicata* is applicable." (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 119.) While not seriously urged by respondent, he makes the additional untenable claim that appellants'

motion was not timely made under CPLR 3211 (subd. [e]). (Cf. *Norton, Inc.,* v. *State of New York,* 27 A D 2d 13.) Under rule 13 of the Rules of the Court of Claims "all allegations in the claim are treated as denied" and there is no requirement that the State serve an answer. In any event this motion for dismissal could not have been made until the final determination of the prior action. Order reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.; Gibson, P. J., dissents and votes to affirm in the following memorandum: Gibson, P. J. (dissenting). In my view, affirmance is mandated; this on each of several grounds. Assuming for the moment that the defense of *res judicata* might in this case be established upon a plenary trial, the evidence before the court upon this motion to dismiss (CPLR 3211, subd. [a], par. 5) was inadequate and incomplete, and hence insufficient to warrant the summary disposition sought. Thus, for example, the movant, upon whom, of course, the burden rested, submitted no more than selected excerpts from the minutes of the trial of the prior action; although, in view of the somewhat unusual circumstances (which will be alluded to in the later discussion of the merits), the record is particularly important in this case to identify the issues and to determine whether the present claimant did, indeed, have a full day in court. Illustrative and confirmatory of the deficiencies flowing from the omission to submit the record of the prior trial is the statement in the majority memorandum that the concurring Justices "must assume" that claimant was afforded an opportunity to present proper evidence. Actually, such scanty excerpts of the trial record as were supplied incontrovertibly demonstrate that he was not. Another example of the inadequacy of the papers upon which the summary disposition was sought is reflected in the Court of Claims' discussion of claimant's opportunity to appeal from the judgment against him, the court taking "notice of the provisions of the standard automobile liability policies which give the insurance carrier complete control of litigation against a policyholder", and observing that "whether or not there should have been an appeal from the District Court judgment was not a decision within the control of the claimant". It is true that the "standard liability insurance policy generally provides [that] '* * * the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient'" (1 Long, Law of Liability Insurance, § 5.01, p. 5-2; and see 31 N. Y. Jur., Insurance, § 1315, p. 132); but the facts, including the circumstances whereby the judgment against claimant became final, are more properly the subject of a trial. The discussion may, nevertheless, turn now from the procedural question to the merits of the application to dismiss. In *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) the defense of *res judicata* was not available because the parties "were not adversaries in the former suits but codefendants wherein no duty existed to contest the issue of negligence as between them". The holding is clearly applicable here. In two of the Appellate Divisions, explicitly in one case and implicitly in the other, the rule of *Glaser* has been found no longer operative (*Schwartz* v. *Public Administrator,* 30 A D 2d 193; *Hires* v. *New York Cent. R. R.,* 24 A D 2d 1075). The Court of Appeals, however, has declined to so hold (see *De Witt, Inc.,* v. *Hall,* 19 N Y 2d 141, 147, n.); and until now our court has taken the position that "although certain language in *Cummings* [18 N Y 2d 105] may presage the end of the *Glaser* rule, which seemed still viable as late as the unanimous 1962 decision in *Minkoff* v. *Brenner* (10 N Y 2d 1030), the fact remains that it was not expressly overruled or, indeed, referred to

in *Cummings*; and if implicitly it was, or is to be, overruled, the announcement thereof should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court". (*MacGilfrey* v. *Hotaling*, 26 A D 2d 977–978, mot. for lv. to app. dsmd. 20 N Y 2d 805.) This statement of policy, but two years old, and, more importantly, the Court of Appeals rule in *Glaser* (*supra*), are now to be overruled by the majority of this court, without explanation or, indeed, reference or comment. If, however, *Glaser* (*supra*) is no longer effective, the summary application of the defense of *res judicata* would still have to be denied under the authorities, of unquestioned vitality, standing for the proposition that before this defense may effectively be interposed it must be shown that the party against whom it is asserted has had his "full day in court", or, in other words, that "'a full opportunity has been afforded [him] and he has failed to prove his freedom from liability'". (*De Witt, Inc.,* v. *Hall,* 19 N Y 2d 141, 146, *supra.*) Upon dealing with that aspect of the case, it seems rather clear that in the trial of the District Court action the principles formulated in *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132) should have been applied. Thus when negligence had been established prima facie by proof that defendant's vehicle came to the wrong side of the road and there collided with plaintiffs' car, it became imperative to defendant to rebut the inference thus created and to prove, if he could, that the State's negligence was solely causative of the movement of his car across the divider and of the resultant damage. His offer of proof to that end was rejected out of hand; with the comment by the Trial Judge that "the State of New York is not in this action." Although this remark highlights, incidentally, the absence of an adversarial relationship within the meaning of *Glaser* (*supra*), it is cited, rather, as indicative of clear legal error of such moment as to render at least "arguable", and hence as negating any claim of right to summary judgment (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404, mot. for rearg. den. 3 N Y 2d 941), the issue whether claimant had his full day in court. To say that claimant might have appealed is not an answer while there remains the doubt expressed in the Court of Claims opinion as to the extent of his control of the litigation, including the right to appeal. I think that the determination of the Court of Claims was correct and should be affirmed. [56 Misc 2d 235.]