**METROPOLITAN SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**Jack D. TARTER and Margaret Tarter, Appellees.**

No. 05–86–00006–CV.

Court of Appeals of Texas, Dallas.

Jan. 29, 1987.

Rehearing Denied May 4, 1987.

Thomas L. Case, Dallas, for appellant.

Kenneth L. King, Bruce W. Claycombe, Dallas, for appellees.

Before GUITTARD, C.J., and HOWELL and SCALES [1], JJ.

GUITTARD, Chief Justice.

Jack and Margaret Tarter sued Metropolitan Savings and Loan Association for wrongful foreclosure, breach of contract, and deceptive trade practices based on a trustee's sale of their home. After a trial and verdict favorable to the Tarters, the trial court rendered judgment awarding them treble damages. On this appeal Metropolitan contends that all of the Tarters' claims are barred by collateral estoppel be-

---

**1.** The Honorable R.T. Scales, Justice, Retired, Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

cause a judgment was rendered against them in an earlier suit based on the same foreclosure. We agree with this contention and, accordingly, reverse the judgment of the trial court and render judgment that the Tarters take nothing from Metropolitan.

Metropolitan was the holder of a note and first-lien deed of trust on the Tarters' home. In May of 1979, after the Tarters failed to make four scheduled payments, Metropolitan accelerated the note, notified the Tarters of its intent to foreclose, and directed the trustee to post notices of sale. The Tarters allege that after receiving the acceleration notice they contacted Metropolitan, whose officer agreed to reinstate the loan on payment of the arrearages and other reinstatement charges before the sale. Jack Tarter testified that on June 5, the morning of the trustee's sale, he brought a check for the agreed amount to Metropolitan's office, but was advised that Metropolitan had just sold the note and deed of trust to Ronald R. Albers and Joseph R. Brownsted, holders of a second deed-of-trust lien on the Tarters' property. McCloud, a loan officer and vice-president of Metropolitan, informed Tarter that the note and deed of trust had been sold and that Tarter would have to deal with the assignees. Before Tarter could do so, however, the trustee had sold the property.

Soon after the foreclosure, the Tarters sued Albers and F. Ward Steinbech, the trustee who sold the property, to recover title to the property and for damages. Brownsted intervened in that action. On May 12, 1981, a judgment was rendered denying the Tarters' claim for damages and awarding title and possession of the property to Albers and Brownsted. The court specifically found that the foreclosure was valid. The Tarters appealed that judgment to this court, and we affirmed. *Tarter, et al. v. Albers, et al.*, No. 21020 (Tex.App.—Dallas, April 7, 1982, writ ref'd) (not reported).

Later, the Tarters filed this suit against Metropolitan alleging that: (1) the foreclosure was wrongful because Metropolitan failed to notify the Tarters of its intent to accelerate the note; (2) Metropolitan breached its oral contract with the Tarters by selling the note before the Tarters could reinstate the loan; and (3) Metropolitan violated the Texas Deceptive Practices Act by falsely representing that it would reinstate the loan if the agreed amount was tendered.

The trial court granted summary judgment against the Tarters on their claim for wrongful foreclosure, holding, under the rule of collateral estoppel, that this issue was precluded by the judgment in the earlier action. However, the court allowed the remaining claims to be presented to a jury. The jury found that Metropolitan had breached its agreement with the Tarters and had knowingly violated the Texas Deceptive Trade Practices Act.[2] The jury awarded damages to the Tarters in the amount of $210,000 for the loss of their home and for mental anguish. The jury also awarded $45,000 in attorneys' fees. The judgment on the verdict trebled the damages found by the jury and awarded the Tarters $1,181,601, interest, and attorneys' fees.

Metropolitan contends that the issue of wrongfulness of the foreclosure, determined against the Tarters in their unsuccessful suit against Albers and Brownsted, is the same ultimate issue presented in this case and, therefore, that the Tarters are precluded from relitigating that issue. We agree. We conclude that the Tarter's claims of breach of contract and deceptive trade practices, if established in this suit, would also establish wrongfulness of the foreclosure, contrary to the determination in the former suit that the foreclosure was valid.

The doctrine of collateral estoppel, sometimes referred to as issue preclusion, precludes relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based on the same or a different claim or cause of action. *Bonniwell v. Beech Aircraft Corp.,*

2. TEX.BUS. & COM.CODE ANN. §§ 17.-46(b)(12), 17.50(a)(3) (Vernon Supp.1986).

663 S.W.2d 816, 818 (Tex.1984); *Rio Bravo Oil Co. v. Hebert,* 130 Tex. 1, 106 S.W.2d 242, 246 (1937); Steakley and Howell, *Ruminations on Res Judicata,* 28 SW.L.J. 355, 356 (1974). The estoppel operates against a party to the earlier suit and his privies, although the party asserting the estoppel in the later suit was not a party to the earlier judgment, if the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the earlier suit. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328–35, 91 S.Ct. 1434, 1442–46, 28 L.Ed.2d 788 (1971); *Bonniwell,* 663 S.W.2d at 821 (McGee, J., dissenting); *Windmill Dinner Theatre v. Hagler,* 582 S.W.2d 585, 588 (Tex.Civ.App.—Dallas 1979, writ dism'd); *Hardy v. Fleming,* 553 S.W.2d 790, 792 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF JUDGMENTS § 29 (1982). In view of these authorities, we regard the element of mutuality required in *Kirby Lumber Corp. v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387, 389 (1946) as no longer applicable.

The problem in the present case is to determine whether the same ultimate issue decided in the suit against Albers and Brownsted is presented again in the present suit. If the ultimate issue in both cases is the wrongfulness of the foreclosure, and the Tarters had a full and fair opportunity to litigate that issue in the earlier suit, then collateral estoppel precludes relitigation of that issue, but if the ultimate issue in this case is breach of contract or deceptive trade practice, without reference to the validity of the foreclosure, then, under the authorities, collateral estoppel does not apply.

We conclude that collateral estoppel applies here because the ultimate issue in both suits was the validity of the foreclosure, and the determination of that issue in the earlier suit precludes relitigation of that issue on alternative evidentiary grounds, such as breach of contract or deceptive trade practices, that could result in an inconsistent determination of that ultimate issue. The controlling principle is stated in *Williams v. Jackson,* 138 Tex. 352, 159 S.W.2d 99, 101 (1941), quoting 30 AM.JUR. 930, as follows:

> Under this rule, if the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and *if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself.*

(Emphasis added.)

This principle is explained and illustrated in the RESTATEMENT (SECOND) OF JUDGMENTS Section 27 comment c (1980) at 253:

> Thus, for example, if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. See Illustration 4....
>
> 4. A brings an action against B to recover for personal injuries in an automobile accident. A seeks to establish that B was negligent in driving at an excessive rate of speed. After trial, verdict and judgment are given for B. In a subsequent action by B against A for injuries in the same accident, A is precluded from setting up B's negligence as a defense, whether or not the alleged negligence is based on an assertion of excessive speed. It is reasonable to require A to bring forward all evidence in support of the alleged negligence in the initial proceeding.

Illustrative decisions on this point include *Graves v. Associated Transport, Inc.,* 344 F.2d 894, 902 (4th Cir.1965) ("question of who is responsible for the personal injuries" resulting from an automobile collision was precluded by a previous judgment deciding that issue); and *Albero v. State,* 31 A.D.2d 694, 295 N.Y.S.2d 965, 967–68 (1968), *aff'd,* 26 N.Y.2d 630, 631, 307 N.Y. S.2d 469, 255 N.E.2d 724 (1970) (judgment holding truck driver liable to another motorist for negligence was conclusive of

truck driver's contributory negligence in his action against thruway authority for injuries in same accident based on condition of thruway).

A text frequently cited on this subject is 2 *Freeman*, JUDGMENTS (5th Ed.1925), which states the principle broadly in terms of relitigation of the same "right, title, or issue":

> [W]here the causes of action involved in the two actions are different ... the estoppel does not extend to matters which might have been litigated in the first action but is limited to those matters or issues common to both actions which were either expressly or by necessary implication adjudged in the first.... But as to all matters expressly or necessarily adjudicated, a judgment is, of course, conclusive, regardless of the difference in the causes of action. It is important to note in this connection, however, that even though the causes of action be different, if the second action involves a right, title or issue as to which the judgment in the first action is a conclusive adjudication, the estoppel so far as that right, title or issue is concerned must likewise *extend to every matter which was or might have been urged to sustain or defeat the determination actually made.*

2 *Freeman* at 1429–32 (emphasis added).

The Supreme Court of California has applied this passage from *Freeman* in the following cases: *Krier v. Krier*, 28 Cal.2d 841, 172 P.2d 681, 682 (1946) (judgment awarding former wife one-half of value of improvements made with community funds on husband's separate land precluded later homestead claim to same land); *Price v. Sixth District Agricultural Ass'n*, 201 Cal. 502, 511, 258 P. 387, 390–391 (1927) (mandamus judgment ordering city officials to execute lease on public land for construction of stadium settled issue of validity of subsequent lease on different terms in later suit by citizen and taxpayer). In these cases, the California court rested its decision on collateral estoppel rather than on res judicata, which applies to preclusion of claims between the same parties concerning the same subject matter. *See* Steakley and Howell, *Ruminations on Res Judicata*, 28 SW L.J. 355, 356 (1974).

Consistent with these authorities and more closely analogous to the present case on its facts is *Landa v. Isern*, 141 Tex. 455, 174 S.W.2d 310, 312–14 (1943). In that case the Supreme Court of Texas held that a previous judgment declaring a vendor's lien to be valid and ordering foreclosure barred a later claim for damages by the purchaser based on alleged fraud in the transaction creating the lien. Although no issue of fraud had been raised in the earlier suit, the supreme court regarded the earlier adjudication of the validity of the lien as conclusive because that adjudication was "fundamentally antagonistic to any theory that the lien was spurious because it arose out of a transaction reeking with fraud." *Landa*, 174 S.W.2d at 312. The court held that the purchaser's allegations of conspiracy to commit fraud were not independent of the validity of the deed and lien that had been determined in the earlier suit. On this point the court concluded:

> In other words, this alleged ground of recovery not only ignores the rule that the [earlier] judgment imports absolute verity to every proposition essential to its existence, but it proceeds on a positive denial of essential elements thereof. Therefore, as pleaded, it is not an independent ground of recovery, and it is not sufficient to render inapplicable the principle of estoppel arising from that judgment.

174 S.W.2d at 314.

Employing the same reasoning, we conclude that the adjudication of validity of the foreclosure in the Tarter's suit against Albers and Brownsted is fundamentally antagonistic to their present claim that the assignment of the note and lien and the immediate foreclosure was a breach of their alleged oral agreement with Metropolitan not to proceed with the sale if the agreed amount were paid before the sale. This inconsistency exists because Albers and Brownsted were in the same position with respect to the foreclosure as Metropolitan would have been if the note and lien

had not been assigned. Since Albers and Brownsted took the note and lien with notice of the default, they did not qualify as holders in due course. *In re Rutherford*, 573 S.W.2d 299, 301 (Tex.Civ.App.—Amarillo 1978, no writ); TEX.BUS. & COM.CODE ANN. § 3.302(a)(3) (Vernon 1968). They were subject to any defenses the Tarters had against the note in the hands of Metropolitan. *In re Rutherford*, 573 S.W.2d at 301; *Graham & Locke Investments v. Madison*, 295 S.W.2d 234, 244 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.); TEX.BUS. & COM.CODE ANN. § 3.306 (Vernon 1968). Consequently, they had no greater right to foreclose than Metropolitan would have had if the note and lien had not been assigned. *Graham & Locke*, 295 S.W.2d at 244.

If, as the Tarters now allege, Metropolitan had orally agreed to accept the amount tendered and not to proceed with the trustee's sale, their previous default was remedied, the trustee had no power of sale, and the trustee's deed was void. *See Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (1942) (trustee's deed void if mortgagee not in default); *Graham & Locke*, 295 S.W.2d at 244 (trustee's deed to assignee of note was void where application of usurious interest to matured installments left none past due on date of foreclosure). Thus the breach-of-contract claim was available to the Tarters in their suit against Albers and Brownsted. Their deceptive-trade-practice claim was based on the same facts alleged to establish their breach-of-contract claim, namely Metropolitan's alleged false promise to accept the sum agreed upon and not proceed with the foreclosure and failure to perform that promise. This claim, also, was available to the Tarters in the earlier suit. *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex.1983).

In the light of the authorities above discussed, we conclude that either the jury's finding of breach of contract or its finding of deceptive trade practice would have established that the Tarters were not in default at the time of the trustee's sale and, therefore, that the foreclosure was void. These findings are thus "fundamentally antagonistic" to the adjudication in the former suit that the foreclosure was valid, just as the findings of fraud in *Landa v. Isern* were inconsistent with the previous adjudication that the deed and vender's lien were valid. The entire damages awarded to the Tarters by the trial court are based on these findings of wrongfulness of the foreclosure, contrary to the adjudication of its validity in the former suit. Therefore, we hold that the ultimate issue presented in this suit is the same issue resolved against the Tarters by the judgment in favor of Albers and Brownsted.

We recognize that relitigation of an issue is not precluded if there is a clear need for redetermination of the issue "because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication of the original action." RESTATEMENT (SECOND) OF JUDGMENTS §§ 28, 29 (1982). *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 8 (Tex.1986) (question of collateral estoppel left to discretion of trial court on retrial in view of probability of distortion of issues at earlier trial because of a Mary Carter agreement with a co-defendant). However, the present record affirmatively shows that the Tarters had the same incentive to litigate their breach-of-contract and deceptive-trade-practice claims in their suit against Albers and Brownsted as in the present case because, as above explained, either claim, if established, would have supported their claim for setting aside the trustee's sale and thus would have avoided the damages now claimed. Moreover, they had the same opportunity to do so in the earlier suit because the alleged oral agreement on which both of these claims rest was raised in the present case entirely by their own testimony concerning facts which, presumably, were then fresh in their minds.

We conclude that when a party has had a full and fair opportunity to litigate the validity of a foreclosure and has been unsuccessful, that issue must be considered settled. Consequently, we hold that the Tarter's present attempt to relitigate the

validity of the foreclosure on alternative evidentiary grounds is precluded by the adjudication of validity of the foreclosure in their suit against Albers and Brownsted.

Because of this holding we do not reach any of Metropolitan's other points or the Tarters' cross points.

For the reasons stated, the judgment is reversed and judgment is rendered that the Tarters take nothing against Metropolitan.