Jack D. TARTER et ux., Petitioners,

v.

METROPOLITAN SAVINGS & LOAN
ASSOCIATION, Respondent.

No. C–6524.

Supreme Court of Texas.

Feb. 3, 1988.

Rehearing Denied March 11, 1988.

Kenneth L. King, Bruce Claycombe, Richard E. McGary, Jones, Claycombe & King, Dallas, for petitioners.

Thomas L. Case and Cynthia J. MaHowald, St. Claire & Case, Dallas, for respondent.

SPEARS, Justice.

This cause concerns the extent to which the doctrine of collateral estoppel bars claims arising from an alleged wrongful foreclosure. Respondent Metropolitan Savings and Loan Association (Metropolitan) was the holder of a note and first lien deed of trust on the home of Petitioners Jack and Margaret Tarter. The Tarters fell into arrears on the note, and Metropolitan notified them of its intent to foreclose. Before the Tarters could reinstate the loan, Metropolitan sold the note and first lien deed of trust to the holders of a second lien deed of trust on the Tarter home. The trustee then sold the Tarter property. In a suit brought prior to the instant case, the Tarters sued the second lien holders for wrongful foreclosure. The trial court found that the foreclosure was valid and

rendered judgment awarding the second lien holders title and possession of the property. The Tarters then brought suit against Metropolitan for breach of contract and deceptive trade practices. The trial court rendered judgment in favor of the Tarters. The court of appeals reversed the judgment of the trial court, holding that the doctrine of collateral estoppel barred all of the Tarters' claims against Metropolitan. 730 S.W.2d 1. We reverse the judgment of the court of appeals and remand the cause to that court for a consideration of the points of error not previously reached.

In 1979, the Tarters failed to make four scheduled payments on the note that Metropolitan held on the Tarter property. Metropolitan consequently accelerated the note, notified the Tarters of its intent to foreclose, and directed the trustee to post notices of sale. The Tarters assert that after receiving the acceleration notice, they contacted Metropolitan and were told that their loan would be reinstated if they paid the arrearages and other reinstatement charges before the foreclosure sale. Jack Tarter testified that he brought a cashier's check for the agreed amount to Metropolitan's office on the morning of the sale. He testified that he was told that Metropolitan had just sold the note and deed of trust to Ronald Albers and Joseph Brownsted, the holders of a second deed of trust on the Tarters' property. Before the Tarters could contact Albers and Brownsted, the trustee sold the Tarter property.

The Tarters sued Albers and the trustee to recover title to the property and for damages. Brownsted intervened in the action. The trial court denied the Tarters' claim for damages and found that the foreclosure was valid. The court awarded title and possession of the property to Albers and Brownsted. That judgment is now final.

The Tarters then filed this suit against Metropolitan, alleging that (1) the foreclosure was wrongful because Metropolitan failed to give notice of its intent to accelerate the note; (2) Metropolitan breached its own contract with the Tarters by selling the note before the Tarters could reinstate the loan; and (3) Metropolitan engaged in deceptive trade practices by falsely representing that it would reinstate the loan if the Tarters paid the agreed amount before the foreclosure sale.

The trial court granted summary judgment in favor of Metropolitan on the wrongful foreclosure claim, holding that the claim was barred under the doctrine of collateral estoppel. The trial court, however, permitted the remaining claims to be presented to the jury. The jury found that Metropolitan had breached its oral contract with the Tarters and had knowingly violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code Ann. §§ 17.-46(b)(12), 17.50(a)(3) (Vernon 1987). The trial court rendered judgment for the Tarters.

The court of appeals reversed the judgment of the trial court and rendered judgment that the Tarters take nothing. The court of appeals held that the doctrine of collateral estoppel barred the Tarters' claims against Metropolitan because the Tarters' prior suit against Albers and Brownsted and this suit against Metropolitan presented the same ultimate issue—the validity of the foreclosure. The court of appeals concluded that the determination of the wrongful foreclosure issue in the first suit "precludes relitigation of that issue on alternative evidentiary grounds, such as breach of contract or deceptive trade practices, that could result in an inconsistent determination of that ultimate issue." 730 S.W.2d at 3.

The doctrine of collateral estoppel precludes relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). The doctrine applies when the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.* The question in this case, therefore, is whether the same ultimate issue litigated by the

Tarters in the wrongful foreclosure suit against Albers and Brownsted is presented in the Tarters' suit against Metropolitan. Because we conclude that the ultimate issue in this case is whether Metropolitan breached the contract or committed a deceptive trade practice without regard to the validity of the foreclosure, we hold that the doctrine of collateral estoppel does not bar the Tarters' claims against Metropolitan.

Metropolitan contends that the issue of wrongfulness of the foreclosure, determined against the Tarters in their suit against Albers and Brownsted, is the same ultimate issue presented in this suit. Metropolitan maintains that the prior determination that the foreclosure was valid necessarily presupposed that Metropolitan had not engaged in any conduct that would invalidate the foreclosure. Metropolitan argues that if the Tarters established their claims of breach of contract and deceptive trade practices, they would also establish the wrongfulness of the foreclosure. Metropolitan thus asserts that any finding of a breach of contract or deceptive trade practice would be contrary to the prior determination that the foreclosure was valid.

Ultimate issues are those factual determinations submitted to a jury that are necessary to form the basis of a judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384–85 (Tex. 1985); *Dreeben v. Sidor*, 254 S.W.2d 908, 910 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.). The term "ultimate issue" does not refer to a cause of action or claim. *Wilhite v. Adams*, 640 S.W.2d 875, 876 (Tex.1982); *Northern Texas Traction Co. v. Bruce*, 77 S.W.2d 889, 890 (Tex.Civ.App. —Dallas 1934, writ dism'd). The ultimate issues in the Tarters' suit against Metropolitan were neither expressly nor necessarily adjudicated in the suit against Albers and Brownsted.

In their suit against Albers and Brownsted, the Tarters' cause of action was wrongful foreclosure. *See Owens v. Grimes*, 539 S.W.2d 387, 389 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). The Tarters alleged that there were procedural irregularities in the foreclosure sale. The validity of the foreclosure, therefore, was the legal conclusion that was drawn from the jury's finding on the ultimate issue—whether certain procedural irregularities occurred in the sale of the property.

In the Tarters' suit against Metropolitan, the causes of action on which the Tarters prevailed were breach of contract and violation of the Texas Deceptive Trade Practices Act. The ultimate issues submitted to the jury inquired into the component elements of each cause of action. *See* 3 McDonald, Texas Civil Practice § 12.06.1, at 239 (1983). These issues were clearly different from the issue submitted to the jury in the Tarters' suit against Albers and Brownsted. Affirmative answers to these issues established Metropolitan's liability without reference to the validity of the foreclosure sale. Breach of contract and deceptive trade practices were not merely alternative evidentiary grounds for the claim of wrongful foreclosure but were, instead, separate and independent causes of action.

■ Metropolitan contends that the doctrine of collateral estoppel nevertheless applies because of the implied negative finding in the suit against Albers and Brownsted that Metropolitan did not breach its contract or commit a deceptive trade practice. Metropolitan, however, was not a party to the prior action nor was its conduct an issue in the trial. There is nothing in the record to show that a question of fact regarding Metropolitan's conduct was necessarily determined as a prerequisite to the rendition of the first judgment. *Van Dyke*, 697 S.W.2d at 385; Restatement (Second) of Judgments § 27 comment h (1982). Thus, an affirmative jury finding that Metropolitan breached the contract or committed a deceptive trade practice is not fundamentally inconsistent with the prior determination of a valid foreclosure. The doctrine of collateral estoppel applies when relitigation could result in an inconsistent determination of the same ultimate *issue;*

it does not bar litigation merely because the *outcomes* of two suits may appear to be inconsistent. *See* 2 A. Freeman, *Freeman on Judgments* § 677, at 1429–32 (5th ed. 1925).

The judgment of the court of appeals is reversed and the cause remanded to that court for a consideration of points of error not previously reached.

CULVER, J., not sitting.