**ACADEMIA, INC., Appellant,**

v.

**CALEB V. SMITH & SONS, INC., et al., Appellees.**

**No. 13–92–644–CV.**

Court of Appeals of Texas, Corpus Christi.

May 12, 1994.

Gregory Whitaker, Corpus Christi, John L. Tippit, III, Roger Reed, Munoz, Hockema & Reed, McAllen, A.E. Pletcher, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

John Milano, Jr., Robert L. Guerra, Thornton, Summers, Biechlin, Dunham, San Antonio, John E. Lewis, Lewis, Pettitt & Hinojosa, McAllen, for appellees.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

DORSEY, Justice.

Academia appeals the granting of summary judgment in favor of Caleb Smith & Sons, Inc., F. Whitney & Co., Ltd., A Complete Uniform Company, Mason B. Smith, Sr., and Mason B. Smith Jr. (hereafter all will be referred to as Smith). The summary judgment was granted on the basis that Academia's action is barred by a prior suit and judgment, relying on the doctrines of res judicata, collateral estoppel, preclusion, merger and bar. We affirm in part and reverse in part.

Academia, Inc., was in the business of manufacturing and selling school uniforms. Its manufacturing facility was in McAllen, Texas; its sales facility was in Chicago, Illinois. State National Bank, an Illinois bank, loaned Academia money evidenced by a note that was collateralized by a security agreement on business assets. Academia later defaulted and the bank replevied the collateral under Illinois law. The bank later obtained a default judgment in replevin against Academia, and conveyed the assets seized to Smith. The bank also leased the premises previously occupied by Academia in Chicago to a Smith company, A Complete Uniform Company.

State National Bank sued Academia and its owners, the Winsbergs, in Texas for deficiencies due on the note after application of credits from the sale of assets. Academia

and the Winsbergs counterclaimed in contract and tort, claiming principally that the bank breached an oral contract that the note would not have to be fully repaid when due, that the bank's seizure and sale of secured property was illegal, and resulted in the destruction of Academia. Tort claims asserted were that the bank dealt in bad faith with Academia, that it tortiously interfered with Academia's contractual relationships, and that it seized property of Academia that was not covered by the security agreement. The jury found in favor of Academia and the Winsbergs, and judgment was entered for them against the bank in excess of $13 million.

The bank appealed to this court, which reversed and rendered in favor of the bank relying on Illinois law. *State National Bank v. Academia, Inc.*, 802 S.W.2d 282 (Tex. App.—1990, Corpus Christi, writ denied).

Smith purchased Academia's assets and leasehold interest after the foreclosure. Academia sued the Smith defendants alleging that they conspired with the bank and Lloyd Burnett[1] to wrongfully deprive Academia of its personalty and leasehold interest. Academia also claimed damages against Smith for tortious interference with Academia's existing and reasonably probable school contracts and business relations, conversion, trespass, and unauthorized use of its trade name. Academia further alleged that the acts were malicious and intentional.

By a single point of error, Academia contends the trial court erred in granting summary judgment against it. Summary judgment may be granted only on the grounds specified in the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). The sole ground asserted in the motion for summary judgment is that this action is barred by the earlier judgment of this court in *State National Bank v. Academia*, or the issues determined there, through the legal doctrines of res judicata, collateral estoppel, preclusion, merger, or bar. As the trial court did not reveal the basis for its decision, we will uphold the

summary judgment on any valid basis asserted in the motion. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied). The only bases for the judgment that have been briefed are res judicata and collateral estoppel; we will restrict our analysis to those doctrines.

■ The doctrines of claim preclusion, or res judicata, and issue preclusion, or collateral estoppel, are closely related. Both bar later litigation after an earlier suit has concluded. Res judicata precludes the bringing of a claim that has already been decided by an earlier judgment, or could have been decided by an earlier action. The Supreme Court has stated:

> The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.

*Barr v. Resolution Trust Co.*, 837 S.W.2d 627, 630 (Tex.1992) (quoting from *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979)).

■ Under res judicata, whether Academia's claim against Smith is precluded by its earlier take nothing judgment against the bank is determined by two factors: whether Smith and State National Bank are in close enough privity and do Academia's claims against Smith and the bank arise out of the same single transaction.

We hold that res judicata does not bar Academia's claim against Smith, because all of the claims against Smith do not arise out of the same transaction that the suit against the bank arose from. Those claims of Academia that are founded on the wrongful seizure of its assets and sale to Smith have been determined adverse to Academia in the prior judgment, because the foreclosure and sale was held to be valid. However, Academia also seeks recovery from Smith for tortiously interfering with its business relations and

---

1. Burnett was a named defendant in the suit who was severed from this suit after the summary

judgment in favor of Smith was granted.

unauthorized use of its trade name. Those claims arise from a separate transaction, in that they involve Smith's alleged improper conduct apart from that of the bank's in seizing the property and selling it under the security agreement.

Similarly, although Smith and the bank are in privity for some of the claims asserted by Academia, because Smith succeeded to the bank's interest in Academia's former assets, there is no indication of any relationship between those parties during Smith's other alleged torts. Res judicata does not bar all of Academia's claims against Smith.

■ Collateral estoppel bars relitigation of an issue if: 1) the facts sought to be litigated in the action were fully and fairly litigated in a prior action; 2) those facts were essential to the judgment in the prior action; and 3) the party against whom collateral estoppel is being asserted was a party or in privity with a party in the prior suit. *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991); *Tarter v. Metropolitan Savings & Loan Ass'n*, 744 S.W.2d 926, 927–28 (Tex.1988). The issue decided in the first litigation must be identical to the issue in the pending case. *Getty Oil v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 802 (Tex.1992). An ultimate issue is the factual determination submitted to the jury which was necessary to form the basis of the judgment; it does not refer to a cause of action or claim. *Tarter*, 744 S.W.2d at 928.

■ Academia is the party against whom collateral estoppel is sought. It was a party to both actions.

In this suit, Academia seeks to litigate Smith's purchase of Academia's property, including the leasehold interest; conversion of property to which Smith was not entitled after the foreclosure sale; interference with existing and prospective contracts; and misappropriation of trade name. Smith bought his interest in the leasehold and the personalty from the bank; his interest derives solely from the bank's interest.

In the first suit, Academia litigated whether State National Bank was entitled to foreclose on its security interest, whether it appropriated property to which it had no right, and the propriety of the sale to Smith. Once the propriety of the bank's foreclosure and the issues of conversion, and trespass were litigated in the first suit, those ultimate issues were barred from relitigation in this suit. Summary judgment was proper on the basis of collateral estoppel for Academia's claims for conversion of inventory, business records, patterns, machinery, and equipment; and trespass against Academia's leasehold all of which were fully and fairly litigated in the underlying case.

■ However, Smith's business activities after purchase of the leasehold, inventory and accounts receivable are independent of the bank's activities and are not barred by collateral estoppel. Although similar claims were litigated against the bank,[2] the actions complained of now are Smith's and not the bank's. Summary judgment was not proper as to Academia's claims for tortious interference with existing and prospective contracts or unauthorized use of trade name.

We hold that certain of the causes of action brought against Smith are barred by collateral estoppel. Those arising from the foreclosure and sale of Academia's assets to Smith by the bank are barred, and the summary judgment was proper. Others, however, are complaints that Smith tortiously interfered with existing and prospective contracts and used Academia's trade name without authorization. Those are independent of the action between Academia and the bank, and the issues resolved in that action are distinct from the factual issues here. We sustain point one in part as to Academia's claims for tortious interference with existing and prospective contracts and unauthorized use of trade name; we overrule point one as to Academia's claims for conversion and trespass.

We REVERSE and REMAND Academia's claims against Smith for tortious interference with existing and prospective contracts and

---

**2.** The first judgment included findings that the bank maliciously interfered with Academia's school contracts or business relations including a probable contract with Sweet–Orr and awarded actual and exemplary damages for the bank's conduct.

for unauthorized use of trade name; we AFFIRM the judgment as to the claims for trespass and conversion.