**Albertha RIDEAU, et al.**

v.

**JEFFERSON COUNTY, et al.**

No. 1:94–CV–439.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 2, 1995.

Michael Essmyer and Clay T. Grover, Essmyer & Tritico, Houston, TX, for plaintiffs.

Thomas F. Rugg, Asst. Dist. Atty., Jefferson County, Beaumont, TX, for defendants.

Daniel Troy Smith, Snyder, TX, pro se and Mitchell Wayne Templeton, Chambers & Templeton L.L.P., Beaumont, TX, for Daniel Troy Smith.

### MEMORANDUM RE BYSTANDER THEORY OF LIABILITY TO PLAINTIFF JIM RIDEAUX, JR.

HINES, United States Magistrate Judge.

Invoking the court's supplemental jurisdiction, plaintiff Jim Rideaux, Jr. seeks recovery from defendant Daniel Troy Smith under a theory of bystander liability. Jim Rideaux, Jr. alleges that he suffered emotional trauma upon learning of the murder of his sister by defendant Smith and upon viewing her body being placed into an ambulance in front of the Jefferson County Courthouse.

Defendant Daniel Troy Smith argues that plaintiff does not qualify for recovery under this theory because he did not, in the language of the common law, "contemporaneously perceive" the murder of Kathy Lee Rideau.

### I. Proceedings

Plaintiffs initially asserted claims under a theory of bystander liability in their original complaint. On April 28, 1995 plaintiffs moved for partial summary judgment on their pendent state tort claims. While the issues of wrongful death and recovery under the survival statute were briefed, the issue of bystander liability was not. The court reserved judgment on the bystander claim. Thereafter, briefs on the bystander issue were received.

On September 26, 1995, and again on October 2, 1995, pretrial conferences were held at which the bystander issue was argued. For reasons discussed below, the court determines that (a) the issue of who may recover as a bystander is one of law to be decided by the court, and (b) Jim Rideaux, Jr. may not recover as a bystander. Accordingly, plaintiff Jim Rideaux, Jr.'s bystander claim shall be dismissed pursuant to Federal Rule of Civil Procedure 16(c)(1).[1]

### II. Determining Qualification to Recover as a Bystander

■ The question of who may recover under the bystander theory of recovery is a question of law to be decided by the court before trial. The Texas Supreme Court said in *Freeman v. City of Pasadena:* "*Dillon* [the seminal California case that laid out the theory of bystander recovery] never suggests ... leaving the due care/foreseeability issue totally within the jury's discretion. To the contrary, that case plainly states, 'In light of these factors, *the court will determine* whether the accident and harm was [sic] reasonably foreseeable.'" *Freeman v. City of Pasadena,* 744 S.W.2d 923, 924 (Tex.1988) (quoting *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 81, 441 P.2d 912, 921 (1968)) (emphasis added). This view that the interrelated issues of foreseeability and qualification for recovery is a question for the court to decide is reiterated in *Snellenberger v. Rodriguez,* 760 S.W.2d 237, 238 (Tex.1988) (discussing the rescue doctrine).[2]

### III. Standard for Determining Eligibility as a Bystander

■ In a tort case, the overarching inquiry in determining whether to allow recovery by a party claiming injury as a bystander to the death of another is foreseeability. That is, was it foreseeable to the defendant that the victim would perceptually experience the injury to the decedent and suffer psychological harm as a result? There are three factors courts generally consider when determining whether the injury to the bystander was foreseeable: (1) whether plaintiff was in close proximity to the occurrence; (2) whether plaintiff had a contemporaneous perception of the occurrence, and (3) whether plain-

---

1. "At any [pretrial] conference ... consideration may be given, and the court may take appropriate action, with respect to ... the formulation and simplification of the issues, including the elimination of frivolous claims or defenses." Fed.R.Civ P. 16(c)(1). "The reference in Rule 16(c)(1) to 'formulation' is intended to clarify and confirm the court's power to identify the litigable issues. It has been added in the hope of promoting efficiency and conserving judicial resources by identifying the real issues prior to

trial. ... The notion is emphasized by expressly authorizing the elimination of frivolous claims or defenses at a pretrial conference. There is no reason to require that this await a formal motion for summary judgment." Fed.R.Civ.P. 16(c)(1) advisory committee's note.

2. *See also generally* Thomas C. Galligan, Jr., *A Primer on the Patterns of Negligence,* 53 La.L.Rev. 1509, 1514 (1993).

tiff was closely related to the victim. *Freeman*, 744 S.W.2d at 923–24.

## IV. Application to Jim Rideaux, Jr.

■ Jim Rideaux, Jr. does not qualify for recovery because he cannot satisfy the contemporaneous perception prong. Jim Rideaux, Jr. was not at the courthouse when his sister was shot. He was at an auto repair business nearby, but well across the street and kitty-corner from the courthouse. He heard shots, but did not know his sister was involved. Some time later, he was informed by someone else that his sister had been shot. He rushed over in time to see his sister's body being loaded into an ambulance.

Courts have been liberal in construing the contemporaneous perception element, although there are outer bounds. First, it is not necessary to actually see the injury occur with one's own eyes. Thus, for example, courts have allowed recovery by family members who were injured at the same time as decedent but who did not actually see the harm occur to decedent. *See Dawson v. Garcia*, 666 S.W.2d 254 (Tex.App.—Dallas 1984); *Genzer v. City of Mission*, 666 S.W.2d 116 (Tex.App.—Corpus Christi 1983, writ denied).

The contemporaneous perception prong is also satisfied when a relative who had no part in the injury happens upon the scene of the injury without prior notice from another that an injury has occurred. *See City of Austin v. Davis*, 693 S.W.2d 31 (Tex.App.—Austin 1985, writ denied); *General Motors Corp. v. Grizzle*, 642 S.W.2d 837 (Tex.App.—Waco 1982, writ dismissed); *Landreth v. Reed*, 570 S.W.2d 486 (Tex.App.—Texarkana 1978).

In *Bedgood v. Madalin*, 589 S.W.2d 797 (Tex.App.—Corpus Christi 1979), aff'd in part, rev'd in part on other grounds, 600 S.W.2d 773 (Tex.1990), a father was at home when he heard a loud scream followed by a thud that sounded like a watermelon falling a great distance to the ground. Less than a minute after these sounds, he ran to the front of his house, which was only about 100 feet away, to see that his son had been run over by an automobile. The father saw his son bleed profusely out of a torn artery.

Four factors were instrumental in the court's finding of contemporaneous perception: (1) the close proximity in distance between where the father was and where the accident occurred; (2) the relatively short period of time intervening between the accident and the father's coming to the scene; (3) the fact that the father heard the scream and the sound of the body hitting the ground; and (4) the fact that the injury was still ongoing and vivid when the father came out front.

The instant case differs from each of those discussed above. Here, plaintiff was approximately 100 yards away. He only heard anonymous gunshots, which he had no basis to link up with his sister. Finally, plaintiff did not witness suffering as did the father in *Bedgood*. Kathy Lee Rideaux's body was being loaded into the ambulance as Jim Rideaux, Jr. approached the scene. Further, the cases all stress that important in the second prong is whether plaintiff happened upon the accident or whether he had knowledge of it from another. Here the only reason plaintiff had any reason to connect the gunshots to his sister was that someone subsequently told him she had been shot.

■ Under Texas law, the fact that one has advance notice of the event is virtually fatal to an assertion of liability under a bystander theory (except, as noted, in the case where the plaintiff himself or herself is simultaneously injured and is informed of the injury to decedent upon coming to).

Plaintiff's situation is analogous to that in *National County Mutual Fire Insurance Co. v. Howard*, 749 S.W.2d 618 (Tex.App.—Ft. Worth 1988, writ denied). There, a wife was informed that her husband had been in an accident and was brought to the scene of the accident. When she came to the scene, she saw that extensive damage had resulted to the car and that her husband was trapped inside and severely injured (he was rendered quadriplegic). She actually was able to talk to him for a few minutes. She was denied damages as a bystander because she neither actually viewed the incident nor came upon it unwittingly. Qualifying plaintiff as a party who may recover as a bystander is unwarranted in light of *Riley*, as it appears the

wife in that case had a more vivid "interaction" with the injured party than did Jim Rideaux, Jr.

## V. Conclusion

For the foregoing reasons, plaintiff Jim Rideaux, Jr.'s bystander claim shall be dismissed. An order will be entered separately.